Myrtle **FRAZIER** et al., Petitioners,

v.

Don R. **WYNN**, Respondent.

No. B–2459.

Supreme Court of Texas.

Oct. 6, 1971.

Rehearing Denied Nov. 24, 1971.

J. D. Crow, Canadian, for petitioners.

Lemon, Close, Atkinson & Shearer, Otis C. Shearer, Perryton, for respondent.

WALKER, Justice.

This suit was brought by Don R. Wynn to recover damages for breach of a three-year written farm lease originally held by his father, Alvy Wynn, on about 1270 acres of land in Lipscomb County. The defendants are Myrtle Frazier, who owns an undivided one-half interest in the land, and her children, Glenn Frazier and Fern Frazier Wilson, each of whom owns an undivided one-fourth interest. The trial court rendered judgment on the verdict in favor of plaintiff and against defendants, jointly and severally, for $6,400.00, and the Court of Civil Appeals affirmed. 459 S.W.2d 895. We reverse the judgments below, because plaintiff failed to establish that he is entitled to maintain suit for breach of the lease. The cause will be remanded to the trial court in the interest of justice.

Alvy Wynn occupied the land under oral lease from year to year beginning in 1951. By written instrument dated April 1, 1966, Glenn Frazier and Fern Wilson leased the land to him for a period of three years beginning April 1, 1966, and terminating on April 1, 1969. The lease provided for the cash rent of $7,350.00, payable in annual installments of $2,450 each. No reference to Myrtle Frazier was made in the lease. Alvy Wynn paid the first installment of rent by depositing $1,225.00 in the individual bank account of Myrtle Frazier, $612.-50 in the account of Glenn Frazier, and $612.50 in the account of Fern Wilson.

Alvy Wynn died intestate on July 16, 1966, survived by his widow, Mrs. Lova Wynn, and by Don R. Wynn, plaintiff, who was an adopted son. His estate consisted of about 90 head of cattle, the lease, and a pickup truck. He had borrowed money from the Farmers Home Administration, and this indebtedness apparently was secured by a lien on the cattle. Plaintiff and his mother kept the cattle and operated the leased premises for about three months following Alvy Wynn's death. According to their testimony, plaintiff and his uncle, Otis Wynn, then went into a partnership for raising cattle. Otis put up the money, and plaintiff furnished the land. The cattle owned by Alvy Wynn at the time of his death were sold to the partnership, and the proceeds of the sale evidently were applied on the indebtedness owing to the Farmers Home Administration.

The evidence concerning the lease is conflicting and confusing, but it will support the conclusion that Mrs. Wynn gave her interest to plaintiff. There is also testimony indicating that she assigned the lease to the partnership. Otis testified that he purchased the cattle individually and that he thought he was acquiring the lease in the same transaction. Be that as it may, Otis Wynn paid defendants another year's rent on the land in April, 1967. About a year later defendants executed a written contract leasing the land to Otis Wynn, but this lease is not in the record.

Upon learning that Otis Wynn had a lease on the land, plaintiff tendered to defendants the third annual installment of rent under the 1966 lease. When the tender was refused, he brought this suit to recover damages for breach of the lease. In response to the special issues that are material here, the jury found that Mrs. Lova Wynn intended for plaintiff to have her interest in the lease, refused to find that the lease was assigned to Otis Wynn, and assessed plaintiff's damages at $6,400.00.

As pointed out by the Court of Civil Appeals, the 1966 lease did not terminate upon Alvy Wynn's death. See Wilcox v. Alexander, Tex.Civ.App., 32 S.W. 561 (no writ); 49 Am.Jur.2d, Landlord and Tenant, § 69; Annotation, 68 A.L.R. 590. The leasehold estate constituted a community asset and vested in the widow and heir who held the same subject to the payment of community debts and subject to the right of a duly appointed and qualified personal representative to have possession and control under orders of the court during administration. See V.A.T.S. Probate Code, §§ 45, 156, 177.

The present suit was tried on August 20, 1969, which was less than four years after Alvy Wynn's death. It is settled in Texas that the personal representative of the estate of a decedent is ordinarily the only person entitled to sue for the recovery of property belonging to the estate. Before the heirs at law can maintain such a suit during the four-year period allowed by law for instituting administration proceedings, they must allege and prove that there is no administration pending and none necessary. See Youngs v. Youngs, Tex.Com.App., 26 S.W.2d 191, and authorities there cited. In our opinion the same general rules govern a suit to recover damages for breach of a contract made by the decedent during his lifetime. There are exceptions to these rules, but none of the exceptions are applicable here.

Plaintiff did establish that there has been no administration on his father's estate, but the evidence affirmatively shows that a number of debts owing by the estate were still unpaid at the time of trial. We thus have a case in which there is a necessity for administration but no administrator has been appointed and the period during which an application may be filed has not expired. The Court of Civil Appeals concluded that plaintiff is nevertheless entitled to maintain the suit in his own right as sole owner of the leasehold estate. It reasoned that he acquired good title to the lease because his mother as community survivor disposed of the same with the cattle to pay a community debt.

This is the argument advanced by plaintiff, who says that Mrs. Wynn agreed to allow him to take over the lease and make it available for grazing the partnership cattle in return for the agreement of the partnership to pay the outstanding indebtedness on the cattle. We do not attempt to determine whether a disposition of the lease on those terms would have been effective, because the record does not show any tie-in arrangement with respect to the sale of the cattle and the transfer of the lease. There is no evidence from which it can fairly be inferred that the gift of Mrs. Wynn's interest in the lease to plaintiff was part of the consideration for the purchase of the cattle or that the purchase was in any way contingent upon the gift. It is clear, moreover, that neither Mrs. Wynn nor her deceased husband's estate received any benefit from the transfer of the lease as such. Plaintiff failed to establish that the lease was transferred for the purpose of paying community debts, and it is our opinion that, on the present record and at the time the case was tried, he was not entitled to maintain the suit. This means that the judgment in his favor must be reversed, but the cause will be remanded for a new trial in the interest of justice.

Defendants also contend that the trial court erred in rendering a joint and several judgment against Myrtle Frazier, who did not join in the 1966 lease to Alvy Wynn. Plaintiff says that Myrtle Frazier, by accepting the benefits of the lease executed by her cotenants, became bound by its terms under principles of either ratification or estoppel. We recognize the general rules upon which plaintiff relies, but there can be no ratification or estoppel from acceptance of the benefits by a person who did not have knowledge of all material facts. See 3 Am.Jur.2d, Agency, § 175 et seq.; 28 Am.Jur.2d, Estoppel and Waiver, § 59 et seq. Myrtle Frazier was 79 years of age at the time of the trial.

The evidence shows, or it may reasonably be inferred, that she knew Alvy Wynn was in possession of the land as tenant and that she accepted payment of the $1,225.00 he deposited to her bank account in April, 1966. It does not appear, however, that she knew he was holding under the three-year written lease executed by her children. Alvy Wynn had previously been in possession under an oral lease from year to year, and the amount of rent he paid during that period is not shown. For aught that appears in the record, the rent could have been the same as that stipulated in the written lease and Myrtle Wynn may well have been under the impression that the money deposited to her account in 1966 was simply the payment of rent under an oral lease for another year. Since the evidence does not warrant the conclusion that she accepted the payment with full knowledge of the material facts, the trial court erred in rendering judgment against her on the theory urged by plaintiff.

The other points of error brought forward by defendants assert that the Court of Civil Appeals erred in affirming the trial court's judgment because: (1) an incorrect test was used in passing on weight and preponderance points, (4) the damages assessed were excessive, (5) the intermediate court incorrectly treated one of the exhibits as an affidavit, and (6) the finding of the jury in response to Special Issue No. 2 is against the overwhelming weight and preponderance of the evidence. These points of error will not be considered. Some of the questions they raise are within the exclusive jurisdiction of the Court of Civil Appeals, and all are immaterial in view of our holding that the judgment in plaintiff's favor must be reversed.

The judgments of the courts below are reversed, and the cause is remanded to the trial court.

DENTON, J., not sitting.