TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00505-CV







Pauline Wilson Lovato, Independent Administrator of the Estate of Margarita

Torres Wilson, Deceased, Appellant


v.


Austin Nursing Center, Inc., d/b/a Austin Nursing Center; Century Care of America, Inc.;
Paul Gray; Paul Hanlon; Laura Swarbrick; and Guadalupe Zamora, M.D., Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. GN-000891, HONORABLE PETE LOWRY, JUDGE PRESIDING






O P I N I O N



 Pauline Wilson Lovato, as independent administrator of the estate of her mother,
Margarita Torres Wilson, appeals the dismissal on summary judgment of a medical negligence
survival action against Austin Nursing Center, Inc., d/b/a Austin Nursing Center; Century Care of
America, Inc.; Paul Gray; Paul Hanlon; Laura Swarbrick; and Guadalupe Zamora, M.D.
("appellees"). In her first issue, Ms. Lovato contends that the district court erred in granting the
motion for summary judgment because she had standing as representative of the estate of her mother
when she filed the survival action within the limitations period in January 2000. She further
contends that, even if she did not have standing when she originally filed the survival action, her
amended petition, which she filed as independent administrator after limitations expired, relates back
to the original filing of the action. In her second issue, Ms. Lovato contends that the district court
erred in dismissing Ms. Swarbrick from the lawsuit because Ms. Swarbrick, who is pro se, did not
join in the other defendants' motion for summary judgment. For the reasons that follow, we reverse
the district court's judgment and remand this cause to the district court for further proceedings.


FACTUAL AND PROCEDURAL BACKGROUND

 Margarita Torres Wilson at age 92 was a resident at the Austin Nursing Center for
approximately a month in mid-1998. While at the center, she developed pressure ulcers. On June
30, 1998, she was discharged from the center and transferred to another nursing home. On August
17, 1998, she was discharged from the second nursing home. She died at home on August 18, 1998. 
The parties agree that the last possible date for the statute of limitations to expire was November 1,
2000, which was two years and seventy-five days after Mrs. Wilson's death. See Tex. Rev. Civ. Stat.
Ann. art. 4590i, §§ 4.01(c), 10.01 (West Supp. 2003). Because a limitations defense figured
prominently in the motion for summary judgment, a recitation of the procedural history of the case
is necessary.

 On January 27, 2000, Ms. Lovato filed a survival action, alleging that Mrs. Wilson's
pressure ulcers were a result of appellees' medical negligence. Ms. Lovato also alleged in the
petition that she was "Personal Representative of the Estate of Margarita Torres Wilson" pursuant
to section 71.021 of the civil practice and remedies code and that "[a]t this time, no administrator
has been appointed." See Tex. Civ. Prac. & Rem. Code Ann. § 71.021(b) (West 1997) ("personal
injury action survives to and in favor of the heirs, legal representatives, and estate of the injured
person"). On March 29, 2000, Ms. Lovato filed an application for independent administration in the
Travis County probate court, alleging that her mother died intestate, had no real property, and had
personal property of less than $2,000. (1)

 In her first amended original petition, filed on June 20, 2000, Ms. Lovato added a
wrongful death action on behalf of herself and all wrongful death beneficiaries. She stated that she
was entitled to bring the action under section 71.004 of the civil practice and remedies code. See id.
§ 71.004 (West 1997) (wrongful death action is "for the exclusive benefit of the surviving spouse,
children, and parents of the deceased"). Two subsequent amended petitions, filed in August 2000,
added several defendants and a claim for death as an injury that Mrs. Wilson had suffered. These
two petitions also stated that Mrs. Wilson was the mother of the wrongful death beneficiaries. In
all of the amended petitions, Ms. Lovato continued to allege that no administrator had been
appointed.

 After receiving a notice from the probate court that the application for independent
administration was to be dismissed for want of prosecution, Ms. Lovato filed a motion to retain in
September 2001 and an amended application for independent administration in October 2001. Also
in October 2001, all defendants, except for Ms. Swarbrick, filed motions to dismiss the wrongful
death claim for failure to file adequate expert reports and for severance of the claim from the survival
action. On April 10, 2002, the district court granted appellees' motions to dismiss the wrongful
death claim, severed that claim from the survival action, and ordered that the wrongful death claim
be dismissed with prejudice and that only the survival action remain. (2)

 On April 22, 2002, all defendants in the survival action, except for Ms. Swarbrick,
filed a motion for summary judgment, seeking to dismiss the suit on the ground that Ms. Lovato
lacked standing to maintain the survival action because she was not the personal representative of
her mother's estate and thus that the district court did not have subject matter jurisdiction. The
motion also alleged that the survival action was barred by the statute of limitations because it was
never brought by a proper party before limitations expired on November 1, 2000. At approximately
the same time, these defendants filed amended answers, raising--for the first time--the affirmative
defense of limitations.

 On April 26, 2002, Ms. Lovato filed a second amended application for independent
administration in the probate court, alleging that: there were no debts owed by the estate; Mrs.
Wilson had personal property not to exceed $2,000; and a medical malpractice case was pending. 
Ms. Lovato filed an application for temporary administration on the same day, asserting that a
temporary administration was needed immediately because of a pending medical malpractice claim
"with a statutory period required by law." On May 9, 2002, the probate court issued an order
appointing Ms. Lovato the independent administrator. The order stated that an administration was
necessary and that the estate owed no debts and had personal property worth no more than $2,000.

 Ms. Lovato filed a first supplemental petition in the survival action on May 20, 2002,
alleging that: she was the proper party to bring the claim; the last amended petition relates back to
the original petition; she fulfilled the purpose and intent of section 10.01, to give the defendants
notice and the nature of the claim; at the time of filing the original petition, no administration was
pending and none necessary; that the heirs had an agreement about dividing the estate property; and
"[t]here existed an emergency requiring that an heir of Margarita Torres Wilson, Deceased file this
claim in order to preserve the rights and property of the Estate." On the same day, Ms. Lovato, as
independent administrator of the estate of Mrs. Wilson, filed a fourth amended petition.

 On May 21, 2002, Ms. Lovato filed a response to defendants' motion for summary
judgment. Included in the response were affidavits by Ms. Lovato and her brother, Joe Bob Wilson,
averring that the estate owed no debts. Ms. Lovato further stated in her affidavit that the family had
reached an agreement about the distribution of the personal property and any proceeds of the lawsuit,
that she had filed the lawsuit as an heir and representative of the estate to preserve the claim for the
benefit of the estate, and that there was no administration pending until she was appointed
independent administrator on May 9, 2002.

 The defendants filed a supplement to their motion for summary judgment on June 10,
2002, which included an assertion that Ms. Lovato had no standing as an heir because she had
brought the action as a personal representative, never alleging in the petitions that she was an heir. 
On July 18, 2002, the district court granted defendants' summary judgment, without stating the
grounds therefor, and dismissed the survival action.

 Ms. Lovato appeals the dismissal of the survival action, raising two issues. In her
first issue, she asserts that the district court erred in granting defendants' motion for summary
judgment because she had standing as representative of the estate of her mother when she filed the
survival action within the limitations period in January 2000. She further asserts that even if she did
not have standing when she originally filed the survival action, her amended petition, brought as
independent administrator after limitations expired, relates back to the original filing of the action. 
In her second issue, Ms. Lovato contends that the district court erred in dismissing Ms. Swarbrick
from the survival action because Ms. Swarbrick did not join in the other defendants' motion for
summary judgment.


STANDARD OF REVIEW

 The standards for review of a traditional summary judgment are well established: the
movant must show that there is no genuine issue of material fact and that it is entitled to judgment
as a matter of law; in deciding whether there is a disputed material fact issue precluding summary
judgment, the court must take evidence favorable to the nonmovant as true; and the court must
indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the
nonmovant's favor. See Tex. R. Civ. P. 166a(c); Pustejovsky v. Rapid-Am. Corp., 35 S.W.3d 643,
645-46 (Tex. 2000); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). In
reviewing a summary judgment in which the trial court does not state the basis for its decision in its
order, we review each ground asserted in the motion and affirm the trial court's judgment if any of
the grounds are meritorious. See Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). 
Because the propriety of a summary judgment is a question of law, we review the trial court's
decision de novo. See Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994).


ANALYSIS

 In her first issue, Ms. Lovato contends that the district court erred in granting the
motion for summary judgment because she had standing to bring the survival action as representative
of her mother's estate, and moreover filed the action as a party with standing well before the statute
of limitations expired. She further contends that even if she lacked standing before limitations
expired, her fourth amended petition, which she filed as independent administrator of her mother's
estate, gave her standing as a proper party by relating back to the filing of the original suit. 
Appellees counter that Ms. Lovato never brought the suit as a party with standing before limitations
expired and that the relation-back doctrine cannot apply because the original filing was a nullity. To
put the parties' arguments in the proper context, we will first generally discuss the applicable statute
of limitations and the concept of standing.


Statutes of Limitations

 "The primary purpose of statutes of limitations is to compel the exercise of a right
of action within a reasonable time so that the opposing party has a fair opportunity to defend while
witnesses are available and the evidence is fresh in their minds." Willis v. Maverick, 760 S.W.2d
642, 644 (Tex. 1988). Statutes of limitations also ensure that notice of claims be given to adverse
parties to prevent "fraudulent and stale claims from springing up at great distances of time and
surprising the other party." Hallaway v. Thompson, 226 S.W.2d 816, 820 (Tex. 1950). Thus,
limitations establish a point of repose and terminate stale claims. Murray v. San Jacinto Agency,
Inc., 800 S.W.2d 826, 828 (Tex. 1990).

 A defendant moving for summary judgment on a limitations affirmative defense must
prove conclusively all elements of the defense. Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529,
530 (Tex. 1997). In deciding whether there is a disputed fact issue precluding summary judgment,
evidence favorable to the nonmovant will be taken as true, every reasonable inference will be
indulged in favor of the nonmovant, and any doubts will be resolved in the nonmovant's favor.
Nixon, 690 S.W.2d at 548-49. Accordingly, the burden is on the movant to conclusively establish
as a matter of law that limitations is a bar to the action. Rowntree v. Hunsucker, 833 S.W.2d 103,
104 (Tex. 1992). If a movant does establish that the statute of limitations bars the action, the
nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute
of limitations. Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 891 (Tex. 1975).

 Ms. Lovato's survival cause of action is a health care liability claim, governed by the
statute of limitations in the Medical Liability and Insurance Improvement Act ("MLIIA"). Tex. Rev.
Civ. Stat. Ann. art. 4590i, § 10.01 (West Supp. 2003); Bala v. Maxwell, 909 S.W.2d 889, 893 (Tex.
1995). The Act provides that, "notwithstanding any other law, no health care liability claim may be
commenced unless the action is filed within two years from the occurrence of the breach or tort or
from the date the medical or health care treatment that is the subject of the claim . . . is completed." 
Tex. Rev. Civ. Stat. Ann. art. 4590i, § 10.01. The limitations period fulfills a purpose of the MLIIA
to "reduce excessive frequency and severity of health care liability claims" by limiting the length of
time that a health care provider may be exposed to potential liability. Id. § 1.02(b)(1) (West Supp.
2003); see Goode v. Shoukfeh, 863 S.W.2d 547, 550 (Tex. App.--Amarillo 1993, no writ). Ms.
Lovato's presuit notice to defendants tolled the statute of limitations by seventy-five days. See Tex.
Rev. Civ. Stat. Ann. art. 4590i, § 4.01(c). The parties agree that the last possible date for the statute
of limitations to expire was November 1, 2000, which was two years and seventy-five days after
Mrs. Wilson's death. Ms. Lovato filed her original petition, as "personal representative" of the estate
of her mother, on January 27, 2000, approximately nine months before limitations expired.


Standing

 The requirement of standing is implicit in the Texas Constitution's open courts
provision, which contemplates access to the courts only for those litigants suffering an injury. Texas
Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993). "[S]tanding focuses on
the question of who may bring an action." Patterson v. Planned Parenthood, 971 S.W.2d 439, 442
(Tex. 1998). Standing is a prerequisite to subject matter jurisdiction, which is essential to a court's
power to decide a case. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 553-54 (Tex. 2000).

 A party may challenge subject matter jurisdiction in a motion for summary judgment. 
Id. at 554. Upon such a challenge, the plaintiff has the burden to allege facts affirmatively
demonstrating that the trial court has subject matter jurisdiction. See Texas Ass'n of Bus., 852
S.W.2d at 446. A district court is required to construe liberally the allegations in favor of
jurisdiction unless the face of the petition affirmatively demonstrates a lack of jurisdiction. Peek v.
Equipment Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989). Dismissing a cause of action for lack of
subject matter jurisdiction is proper only when it is impossible for the plaintiff's petition to confer
jurisdiction on the trial court. TRST Corpus, Inc. v. Financial Ctr., Inc., 9 S.W.3d 316, 320 (Tex.
App.--Houston [14th Dist.] 1999, pet. denied). In our review of the trial court's dismissal of a cause
for want of jurisdiction, we must "construe the pleadings in favor of the plaintiff and look to the
pleader's intent." Texas Ass'n of Bus., 852 S.W.2d at 446. Our task is to determine whether Ms.
Lovato has pled a claim that appropriately invoked the trial court's jurisdiction.


Ms. Lovato's Standing to Bring a Claim Under the Survival Statute

 Under the survival statute, a "personal injury action survives to and in favor of the
heirs, legal representatives, and estate of the injured person." Tex. Civ. Prac. & Rem. Code Ann.
§ 71.021(b) (West 1997). Generally, only personal representatives of the estate are entitled to bring
a personal injury action. See Shepherd v. Ledford, 962 S.W.2d 28, 31 (Tex. 1998) (citing Frazier
v. Wynn, 472 S.W.2d 750, 752 (Tex. 1971)). The term "[p]ersonal representative . . . includes
executor, independent executor, administrator, independent administrator, temporary administrator,
together with their successors." Tex. Prob. Code Ann. § 3(aa) (West 2003).

 Ms. Lovato brought suit as the "personal representative" of the estate of her mother
but was not appointed as administrator of the estate until more than two years later, after limitations
had expired. Therefore, Ms. Lovato's status when she brought the suit was only as one of many
heirs. "Heirs" are "those persons, including the surviving spouse, who are entitled under the statutes
of descent and distribution to the estate of a decedent who dies intestate." Id. § 3(o) (West 2003). 
Before the heirs at law may maintain a survival action during "the four-year period allowed by law
for instituting administration proceedings, they must allege and prove that there is no administration
pending and none necessary." Frazier, 472 S.W.2d at 752; see Tex. Prob. Code Ann. § 74 (West
2003) (four-year deadline for filing application for estate administration). An estate administration
is not necessary if there is a family settlement agreement, highly favored by courts, in which the heirs
agree to distribution of the estate property. See Shepherd, 962 S.W.2d at 32; see also Tex. Prob.
Code Ann. § 37 (West 2003) (intestate estate vests immediately in the heirs at law, subject to debts
of the estate). An estate administration is also unnecessary if an estate has fewer than two debts. 
See Tex. Prob. Code Ann. § 178(b) (West 2003) (deeming estate administration necessary if an estate
has two or more debts).

 An exception to the rule that heirs must plead and prove that no administration is
pending and none necessary is that "there is no administration upon the estate . . . and the facts show
that none is necessary or desired by those interested in [the] estate . . . and the heirs are in possession
of [the decedent's] property." McCampbell v. Henderson, 50 Tex. 601, 611 (1879). In that instance,
the heirs are the representatives of the estate and may bring suit on its behalf. Id.

 Appellees contend that Ms. Lovato's allegation that "no administrator has been
appointed" in the petitions filed before limitations expired did not provide the requisite proof that
no administration was pending and none necessary and therefore that no party with standing brought
the suit before limitations expired. They further argue that an administration must have been
necessary because the probate court granted the administration. Tex. Prob. Code Ann. § 178(b) (no
administration granted "unless there exists a necessity therefor"). Appellees rely primarily on three
cases to support their argument that Ms. Lovato's case was properly dismissed because she lacked
standing before limitations expired: Shepherd, 962 S.W.2d at 28; Ford Motor Co. v. Cammack, 999
S.W.2d 1 (Tex. App.--Houston [14th Dist.] 1998, pet. denied); and Stewart v. Hardie, 978 S.W.2d
203 (Tex. App.--Fort Worth 1998, pet. denied). The facts of these cases are distinguishable from
the circumstances in Ms. Lovato's case.

 In Shepherd v. Ledford, a common-law wife brought survival and wrongful death
actions on behalf of her deceased husband. 962 S.W.2d at 30. The defendants' challenge to
plaintiff's standing in the survival action failed because the court found that the plaintiff proved at
trial that no administration was necessary. Id. at 33. The evidence showed that Mr. Ledford had no
real property and no children; his estate vested immediately in his wife; the family agreed that his
wife should take the estate assets as the only heir; and all debts of the estate had been paid. Id.

 In Stewart v. Hardie, a husband brought survival and wrongful death claims as
"community survivor" on behalf of his wife's estate and as next friend of their children. 978 S.W.2d
at 206. The defendant challenged Stewart's capacity to bring the action. After limitations expired,
Stewart filed an amended pleading alleging that no administration was necessary. But he offered no
proof; the parties further stipulated that the estate had debts. Id. at 207. The court concluded that
"[b]ecause the survival action was never brought by a proper party," the action was not brought
within the limitations period. Id. (emphasis added). Stewart argued that his amended pleading
should relate back to the original filing. The court declined to find in Stewart's favor, "even if [it]
agreed that any amendment would relate back," because Stewart "made no attempt to prove his
allegation [that no administration was necessary] or join a proper estate representative" even after
the defendant filed a verified special denial challenging Stewart's capacity. Id.

 The defendants in Ford v. Cammack also challenged plaintiffs' standing. There, the
Cammacks brought suit "individually and as natural heirs" of the estate of their daughter. Ford, 999
S.W.2d at 3-4. Within the four-year period for an estate administration, the case proceeded to trial. 
Because the Cammacks never offered proof that their daughter had died intestate, that they were her
rightful heirs, or that there were no estate debts, they failed to prove that an estate administration was
unnecessary. Id. at 5. The court held that the Cammacks' claim was barred by limitations because,
despite a verified denial challenging standing, the Cammacks "never pled or proved the jurisdictional
facts necessary for them to represent the estate as heirs and never attempted to join the proper estate
representative as a party." Id. at 6 (emphasis added). The court declined to decide whether the
Cammacks' allegations related back to the original filing because they never pled within the
limitations period that they were the proper parties to assert the claims. Id. In a supplemental
opinion on rehearing, the court emphasized that the Cammacks "presented no evidence whatsoever"
that an administration was unnecessary. Id. at 10-11 (supp. op. on reh'g). Appellees urge that
Stewart and Ford are squarely on point because Ms. Lovato did not establish before limitations
expired that no administration was necessary.

 Here, Ms. Lovato's application for administration was pending within two months
after she filed her original petition. In both Stewart and Ford, the plaintiffs never proved, even at
the time of dismissal, that they had standing to bring their claims. Ms. Lovato, on the other hand,
had established standing at the time of dismissal. She averred in her summary judgment affidavit,
after limitations expired, that the estate had personal property of less than $2,000 and the family had
agreed to a distribution of the property. Ms. Lovato's brother attested that the estate had no debts. 
She then arguably demonstrated that no administration was necessary during the limitations period. 
More importantly, Ms. Lovato became the independent administrator of her mother's estate and filed
an amended petition in that capacity. Before the district court dismissed the case, albeit after
limitations had expired, Ms. Lovato cured her defective standing as personal representative of the
estate. See Shepherd, 962 S.W.2d at 31 (citing Frazier, 472 S.W.2d at 752).

 Appellees argue that the relation-back doctrine cannot apply to a claim that did not
invoke the court's jurisdiction when it was originally filed. Under the relation-back doctrine,


 [i]f a filed pleading relates to a cause of action, cross action, counterclaim, or defense
that is not subject to a plea of limitation when the pleading is filed, a subsequent
amendment or supplement to the pleading that changes the facts or grounds of
liability or defense is not subject to a plea of limitation unless the amendment or
supplement is wholly based on a new, distinct, or different transaction or occurrence.



Tex. Civ. Prac. & Rem. Code Ann. § 16.068 (West 1997). Section 16.068 is designed to protect
litigants from loss of their claims by a plea of limitations in cases where that would otherwise occur
and therefore should be liberally construed. Milestone Props., Inc. v. Federated Metals Corp., 867
S.W.2d 113, 116 (Tex. App.--Austin 1993, no writ).

 Appellees rely on McAdams v. Capitol Products Corp. for the proposition that Ms.
Lovato's appointment as administrator should not relate back to the original filing of the suit. 810
S.W.2d 290 (Tex. App.--Fort Worth 1991, writ denied). In McAdams, the plaintiff brought suit as
a foreign representative of an estate and did not become the administrator in a Texas court until after
limitations had expired. Id. at 293. The court held that her post-limitations appointment did not
relate back because she had "no authority" to file the claim when she filed her original pleading. Id.
Here, the facts demonstrate that Ms. Lovato brought her mother's survival claim as an heir, giving
her at least some authority under the survival statute. (3) See Tex. Civ. Prac. & Rem. Code Ann.
§ 71.021 ("personal injury action survives to and in favor of the heirs, legal representatives, and
estate of the injured person."). Additionally, that the term "personal representative" includes
executors and administrators, Tex. Prob. Code Ann. § 3(aa), does not signify that the list is
exclusive. Tex. Gov't Code Ann. § 311.005(13) (West 1998) (under the Code Construction Act,
"includes" is a term of "enlargement and not of limitation or exclusive enumeration, and use of the
term[] does not create a presumption that components not expressed are excluded").

 Furthermore, neither Ford nor Stewart precludes the application of the relation-back
doctrine. In both cases, the courts declined to apply the doctrine because the plaintiffs never
attempted to cure their defects in standing, even after limitations had expired. See Ford, 999 S.W.2d
at 6; Stewart, 978 S.W.2d at 207.

 The circumstances of this case are analogous to an instance of misnomer, in which
a plaintiff brings its action in the wrong name or sues the defendant in the wrong name. For
example, in Foust v. Estate of Walters, the plaintiffs brought suit in their individual names. 21
S.W.3d 495, 500 (Tex. App.--San Antonio 2000, pet. denied) (op. on reh'g). After defendants
challenged the plaintiffs' standing and after limitations had expired, the plaintiffs filed an amended
petition bringing suit in the name of a corporation instead of the individuals. Id. The court held that
because the substitution of the corporate entity for individuals "presented no surprise or unfair
prejudice to the defendants" and because the amended petition "was wholly based and grew out of
the same facts and occurrences" alleged in the earlier petitions, the amended petition related back
to the original, timely-filed petition. Id. at 501. Where the plaintiff has been misnamed and the
defendant was not misled or disadvantaged by the error, courts have been reluctant to dismiss cases
on limitations grounds. See Easley v. Insurance Co. of N. Am., 660 S.W.2d 50, 52-53 (Tex. 1983).

 Here, the appellees do not argue and have presented no evidence that they were
surprised or unfairly prejudiced by Ms. Lovato's late appointment as the administrator of her
mother's estate. To the contrary, the facts show that appellees had notice of Ms. Lovato's claim well
before limitations expired. Furthermore, she did not surprise appellees by attempting to substitute
a different plaintiff. Ms. Lovato remained the plaintiff throughout the case, merely formalizing her
standing as a personal representative after limitations expired.

 The relation-back doctrine, now statutorily defined, originated as an equitable remedy
designed to effectuate justice. Cain v. State, 882 S.W.2d 515, 518 (Tex. App.--Austin 1994, no
writ). "[I]t enables the court to arrive at conclusions that will effectuate justice while maintaining
simultaneously the appearance of logical consistency." Id. Balancing the equities, we find that the
doctrine should apply to Ms. Lovato's case. She attempted to comply with the requirements of both
the survival statute and the probate court system within the limitations period. In January 2000, well
before limitations expired, she filed her claim, fully complying with the limitations requirements of
article 4590i. In March 2000, also before the expiration of limitations, she applied to become the
administrator of her mother's estate. Appellees did not challenge Ms. Lovato's standing until a year
and a half after limitations had expired. Upon appellees' challenge, Ms. Lovato became the
administrator of her mother's estate and filed an amended petition as a statutorily defined personal
representative of the estate. Arguably, this lawsuit was the only factor necessitating an
administration.

 Therefore, construing the pleadings in favor of the plaintiff as we are required to do,
Texas Ass'n of Bus., 852 S.W.2d at 446, we conclude on these singular facts that Ms. Lovato cured
her defective standing by bringing her claim as a personal representative of her mother's estate. See
Shepherd, 962 S.W.2d at 31 (citing Frazier, 472 S.W.2d at 752). Her post-limitations pleadings
amendment, which she brought as administrator of her mother's estate, relates back to the original
filing of her case. See Tex. Civ. Prac. & Rem. Code Ann. § 16.068; (4) cf. Goode, 863 S.W.2d at 550
(while not decided on basis of standing, holding that post-limitations pleading amendment naming
estate representative related back to original filing because original petition fulfilled the notice
requirements in section 10.01 of the MLIIA). We uphold Ms. Lovato's first issue and hold that the
district court erred in granting appellees' motion for summary judgment and dismissing Ms. Lovato's
survival action. Accordingly, we reverse the judgment of the district court and remand this cause
to the district court for further proceedings. Having reversed the dismissal of this case, we need not
address Ms. Lovato's second issue challenging the dismissal of Ms. Swarbrick.

CONCLUSION

 We hold that Ms. Lovato's post-limitations pleadings amendment, in which she
brought her mother's survival action as independent administrator of the estate, relates back to her
original petition, filed before limitations expired. See  Tex. Civ. Prac. & Rem. Code Ann. § 16.068. 
She cured her defective standing by bringing the survival action as a personal representative of the
estate. See Shepherd, 962 S.W.2d at 31 (citing Frazier, 472 S.W.2d at 752). We accordingly hold
that the district court erred in granting appellees' summary judgment and dismissing this claim. We
reverse the judgment of the district court and remand this cause to the district court for further
proceedings.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Reversed and Remanded

Filed: March 27, 2003

1. Joe Bob Wilson, Ms. Lovato's brother, had previously filed an application for letters of
administration in April 1999 but did not pursue the application. Ms. Lovato filed her application for
administration under the same cause number.
2. The dismissal of the wrongful death claim is the subject of a companion appeal in cause
number 03-02-00305-CV, which we are also deciding today.
3. Appellees cite Bozeman v. Folliott for the proposition that Ms. Lovato had no authority to
act on behalf of the estate before her appointment as administrator. 556 S.W.2d 608 (Tex. Civ.
App.--Corpus Christi 1977, writ ref'd n.r.e.). The facts of Bozeman are not relevant to our inquiry. 
There, an administrator who was appointed to replace an executrix could not act retroactively during
the time that the executrix had authority. Id. at 614.
4. Appellees argue that because the MLIIA imposes a strict, two-year statute of limitations,
"notwithstanding any other law," Tex. Rev. Civ. Stat. Ann. art. 4590i, § 10.01 (West Supp. 2003),
we cannot apply the relation-back statute. Appellees' support for this argument, however, arises
from cases involving statutes that would expand or toll a limitations period, which is not the case
here. See Bala v. Maxwell, 909 S.W.2d 889, 892 (Tex. 1995) (medical malpractice limitations
period, beginning from date of negligence, governs over wrongful death limitations period,
beginning from date of death); Hill v. Milani, 686 S.W.2d 610, 611 (Tex. 1985); Rascoe v. Anabtawi,
730 S.W.2d 460, 461 (Tex. App.--Beaumont 1987, no writ) (both declining to apply tolling periods
of other statutes).