

# NUMBER 13-23-00464-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSE F. SERNA, INDIVIDUALLY
AND AS BENEFICIARY OF THE
ESTATES OF OLIVIA ACOSTA
AND FRANCISCO R. SERNA,                                    Appellant,

v.

JOE F. BANKS,                                              Appellee.

## ON APPEAL FROM THE 94TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

This appeal arises from the trial court's grant of appellee Joe F. Banks's "Plea to the Jurisdiction" dismissing a suit brought by appellant Jose F. Serna, individually and as beneficiary of the estates of Olivia Acosta and Francisco R. Serna, alleging that appellee

improperly deprived money from the estates. Appellant asserts two issues on appeal: 1) the district court has jurisdiction because appellant's claims sound in tort rather than in Texas Estates Code § 31.001, and 2) appellant has standing to bring the claims as they are individual tort claims rather than claims for estate property. Because we find appellant lacks standing, we affirm.

## I.   BACKGROUND

Appellant is the son of Francisco and Olivia. His half-brother is appellee, with whom he shares a mother, Olivia. Olivia executed two different durable powers of attorney, one on May 2, 2000, and another on July 15, 2016, vesting appellee with power of attorney for her. Appellant alleges that starting in May 2015, appellee used his power of attorney to improperly withdraw money from Olivia's bank accounts to his own account.[1] Appellant alleges that as a result Olivia revoked appellee's July 15, 2016, power of attorney on November 1, 2016. Appellant also alleges that appellee then sought to have Olivia declared incompetent, resulting in a mental health assessment that was completed on December 28, 2016. Olivia passed away on January 16, 2017.

Appellant alleges similar behavior from appellee as to Francisco. On December 30, 2010, appellee filed an application to be named as Francisco's permanent guardian. On January 26, 2011, Francisco executed his "Last Will and Testament" wherein he bequeathed his entire estate to appellee. On March 29, 2011, Nueces County Court at Law No. 5 appointed appellee as permanent guardian of Francisco. Appellant alleges this was part of appellee's scheme to take unfair advantage of Francisco and similarly take

---

[1] Appellant also alleges that appellee 1) improperly used his position to make himself the beneficiary of an annuity account originally naming Mechelle Fowler as a beneficiary or co-beneficiary, and 2) unlawfully obtained jewelry originally intended for Fowler.

2

funds from Francisco's accounts as he allegedly did from Olivia. On June 19, 2015, Nueces County Court at Law No. 5 closed the guardianship of Francisco. Francisco passed away on September 27, 2017.

Appellant filed suit on April 9, 2017.[2] On July 16, 2020, appellant filed his "Fourth Amended Original Petition" alleging causes of action including breach of fiduciary duty, conversion, fraud, breach of fiduciary of an elderly person, negligence, "constructive trust," and made a demand for accounting. On October 7, 2020, the trial court granted appellee's "Rule 91a Motion to Dismiss." This Court reversed and remanded on August 30, 2022, as the "Motion to Dismiss" was untimely. *See Serna v. Banks*, No. 13-20-00505-CV, 2022 WL 3724102 (Tex. App.—Corpus Christi–Edinburg Aug. 30, 2022, no pet.) (mem. op.).

On February 21, 2023, appellee filed a "First Amended Traditional and No Evidence Motion for Summary Judgment." Appellant filed his response on March 30, 2023. Appellee filed his "Second Amended Answer and Verified Denial" on April 3, 2023. On April 7, 2023, the trial court granted appellee's Motion for Summary Judgment in part, purporting to dismiss all claims related to probate assets.

On July 5, 2023, appellee filed his "Plea to the Jurisdiction" alleging the trial court lacked jurisdiction because a statutory probate court had exclusive jurisdiction over the claims due to being related to probate proceedings. Appellee also argued that appellant lacked standing to bring suit because he was not the executor of his parents' estates. On August 2, 2023, appellant filed his "Objection and Motion to Strike the Plea to the Jurisdiction." Appellee filed his "First Amended Verified Plea to the Jurisdiction" on

---

[2] Plaintiffs to the suit originally included Mac Acosta, Mechelle Fowler, and Frank Serna Jr. The only plaintiff remaining is appellant.

September 11, 2023. On October 10, 2023, the trial court signed an amended order granting appellee's "First Amended Verified Plea to the Jurisdiction" in all respects. This appeal followed.

## II.   STANDARD OF REVIEW

Appellant challenges the trial court's grant of a plea to the jurisdiction and finding that it lacked subject-matter jurisdiction in this matter. "A plea to the jurisdiction challenges the existence of subject matter jurisdiction; that is, the court's power to decide the case." *Herrera v. Mata*, 702 S.W.3d 538, 541 (Tex. 2024) (citing *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632 (Tex. 2015)). "The trial court's ruling on a plea to the jurisdiction is a question of law we review de novo." *Id.* (citing *Hous. Belt & Terminal Ry. Co. v. City of Hous.*, 487 S.W.3d 154, 160 (Tex. 2016)). In *de novo* review, no deference is given to the trial court's decision. *See In re Estate of Slaughter*, 305 S.W.3d 804, 808 (Tex. App.—Texarkana 2010, no pet.) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)).

This Court must "determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Pleadings are construed liberally in favor of the pleader and a plaintiff "should be afforded the opportunity to amend" if the challenged jurisdictional defect may be cured with further factual allegations. *Tex. Tech. Univ. Sys. v. Martinez*, 691 S.W.3d 415, 419 (Tex. 2024). However, the appellee also challenged the existence of relevant jurisdictional facts. Therefore, this Court must also "consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Miranda*, 133 S.W.3d at 227. If the evidence is not disputed or fails to raise a fact question on the jurisdictional issue, then

4

the plea to the jurisdiction is ruled on as a matter of law, akin to a summary judgment. *Id.* at 228.

### III.    ANALYSIS

There are two points of contention between the parties on appeal: 1) whether appellant has standing to bring his claims against appellee, and 2) whether a district court rather than a statutory county court at law has jurisdiction to hear the claims. Both claims implicate the trial court's jurisdiction. *See Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004) (noting that standing is a "component of subject matter jurisdiction"). Further, both issues turn on whether appellant's claims are independent tort claims that can be brought on his own behalf or whether his claims are derivative of the estates of his parents. Accordingly, we first resolve the nature of his claims before examining the issues in dispute between the parties.

### A.    The Nature of Appellant's Claims

Texas is familiar with the concept that litigants may attempt to avoid undesirable statutes by casting their claims in a different light to avoid the law's requirements. However, "[i]t is well settled that . . . artful pleading and recasting of claims is not permitted." *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 854 (Tex. 2005); *see also Brown v. Nocar*, No. 13-19-00503-CV, 2021 WL 1418222, at *4 (Tex. App.—Corpus Christi–Edinburg Apr. 15, 2021, pet. denied) (mem. op.). Texas courts have routinely affirmed in a variety of contexts that "a claimant cannot escape the Legislature's statutory scheme by artful pleading." *Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex. 2005). Instead, Texas precedent dictates that a court reviews "the substance of the claims, not the labels" to determine their nature. *Pinto Tech. Ventures, L.P. v. Sheldon*,

5

526 S.W.3d 428, 441 (citing *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 677 (Tex. 2009) (orig. proceeding)).

Appellant's "Fourth Amended Petition" asserts five separate causes of action related to appellee's alleged abusive relationship with Olivia and Francisco. Essential to both issues on appeal is whether appellant's claims are for independent tort damages to himself or for damages to estate property. Estate property entails all of the decedent's real and personal property, including estates and interests in land, as well as goods, money, chattel, evidence of debt, and any actual or potential cause of action. TEX. EST. CODE §§ 22.012,.028,.030; TEX. GOV'T CODE § 311.005(4); *see also Gonzalez v. Martinez*, No. 01-15-00693-CV, 2017 WL 2255649, at *4 (Tex. App.—Houston [1st Dist.] May 23, 2017, no pet.) (mem. op.). The Texas Supreme Court recently declined to create a tort of intentional interference with inheritance because "[t]ort law 'is ill-suited to posthumous reconstruction of the true intent of a decedent.'" *Archer v. Anderson*, 556 S.W.3d 228, 235 (Tex. 2018) (quoting John C.P. Goldberg & Robert H. Sitkoff, *Torts and Estates: Remedying Wrongful Interference with Inheritance*, 65 STAN. L. REV. 335, 338 (2013)). Therefore, Texas law has affirmed that statutory probate law provides the needed remedies for disputes over estates. *See id.* at 239.

We review each of appellant's causes of action in turn.

### i. Breach of Fiduciary Duty and Breach of Fiduciary of Elderly Person

"The elements of a breach-of-fiduciary-duty claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) a breach of the duty by the defendant; and (3) injury to the plaintiff or benefit to the defendant because of the defendant's breach." *Guevara v. Lackner*, 447 S.W.3d 566, 579–80 (Tex. App.—Corpus Christi–Edinburg

6

2014, pet. denied) (citing *Burrow v. Arce*, 997 S.W.2d 229, 237 (Tex.1999); *Lundy v. Masson*, 260 S.W.3d 482, 501 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied)).

Appellant plead that appellee breached a fiduciary duty as to Olivia and Francisco. These alleged breaches include taking funds from them without their knowledge and having Francisco execute a will naming appellee as sole heir. Appellant further alleges that appellee took advantage of the advanced age of Olivia and Francisco, and that appellee violated Texas Penal Code § 32.45. *See* TEX. PENAL CODE ANN. § 32.45 ("Misapplication of Fiduciary Property of Financial Institution"). [3]

Specifically, appellant pleads that appellee was acting *as fiduciary to Olivia and Francisco* and that his fiduciary duty claims are "derivative of the claims of the estates of [Olivia] and [Francisco] and as heir to their estates." Accordingly, appellant's causes of action for breach of fiduciary duty are claims for estate property as these potential causes of action existed prior to their deaths.

Appellant's only allegation for independent injury is that he suffered damages as an heir to his parents' estates. This conclusory plea does not assert any facts showing damages independent and apart from his claims for estate property. As addressed below, heirs cannot normally bring independent tort claims on behalf of the estate.

Appellant also relies on *In re Hannah* for the assertion that his claims are not related to probate proceedings. 431 S.W.3d 801 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding) (per curiam). But *In re Hannah* is distinguishable. The primary claim

---

[3] Appellant points to no caselaw supporting an independent tort of breach of fiduciary duty to an elderly person or that a violation of Texas Penal Code § 32.45 creates an independent action apart from the existing tort of breach of fiduciary duty, so these causes of action will be addressed as one.

7

asserted in that case was a tort of interference with inheritance, which is not recognized under Texas law. *See Archer*, 556 S.W.3d at 235. The remaining claims were for slander and conspiracy. Appellant is correct that the trial court found the claims at issue were not probate proceedings due to determining that judgment would not be satisfied by the decedent's estate. *See In re Hannah*, 431 S.W.3d at 808. But this determination does not render appellant's claims analogous. Appellant's claim here does not involve separate damages like the slander claim in *In re Hannah*. The damages sought here are entirely the damages that Olivia and Francisco could have asserted while alive. Therefore, appellant's reliance on this authority is misplaced.

### ii.    Conversion

> "The elements of conversion are: (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused the plaintiff's demand for the return of the property."

*Tex. Dept. of Transp. v. Crockett*, 257 S.W.3d 412, 416 (Tex. App.—Corpus Christi–Edinburg 2008, pet. denied) (citing *Huffmeyer v. Mann*, 49 S.W.3d 554, 558 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.)).

Appellant's conversion claim alleges that appellee took advantage of his place of trust with Olivia and Francisco and converted their funds unlawfully and without authority. Appellant also asserts that he demanded an accounting for his respective portion of their estates. As with the breach of fiduciary duty claim, appellant's only asserted damages are that the decedents' estates were unlawfully deprived of funds. This is another claim for estate property because the potential cause of action accrued before the death of the decedents.

### iii.    Fraud

> "The elements of fraud are: (1) a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made the statement recklessly without any knowledge of the truth; (4) the speaker made the representation with the intent that the other party should act on it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury."

*In re C.M.V.*, 479 S.W.3d 352, 361 (Tex. App.—El Paso 2015, no pet.) (citing *In re FirstMerit Bank*, 52 S.W.3d 749, 758 (Tex. 2001) (orig. proceeding); *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).

Appellant alleges that appellee fraudulently induced Olivia into transferring funds from her bank, made himself joint owner of her accounts, changed the beneficiary of certain certificates of deposit, fraudulently obtained assets and guardianship of Francisco, and used fraud to induce him into executing a new will. Again, appellant's claims exclusively concern property of Olivia and Francisco and are claims that they could have asserted prior to their deaths.

The essence of appellant's fraud cause of action is that *Olivia and Francisco* were deceived by appellee and that their accounts were improperly depleted. Appellant further pleads that appellee improperly obtained guardianship over Francisco to draw a new will which was "a fraud against the estate and person of" Francisco. These are not independent damages suffered by appellant, but rather, damages as to the estates of the decedents. This claim too is for estate property.

### iv.    Negligence

Appellant alleges that appellee owed "a high duty of good faith, fair dealing, honest performance[,] and strict accountability" to both Olivia and Francisco. The breach of this duty occurred when appellee allegedly engaged in "self-dealing" as to the decedents'

9

assets. The elements for a negligence claim are 1) the defendant owed the plaintiff a duty; 2) the defendant breached that duty; and 3) the plaintiff suffered damages proximately caused by the defendant's breach. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

Without reaching the merits of appellant's negligence claim, the claim as alleged fails to establish that he suffered any independent damages. Appellant specifically alleges that appellee's negligence caused damages to his parents' estates. There is no claim for independent negligence damages.

### v.    Constructive Trust

"A constructive trust is a creation of equity intended to prevent a wrongdoer from profiting from his wrongful acts." *Freeman v. Harleton Oil & Gas, Inc.*, 528 S.W.3d 708, 733 (Tex. App.—Texarkana 2017, pet. denied). A constructive trust is not a separate cause of action, but instead, a remedy, and thus requires separate causes of action including breach of fiduciary duty, conversion, or unjust enrichment. *Id.*

Though appellant asserted constructive trust as its own cause of action, it is not an independent tort claim because it is merely a remedy. *See id.* We have already determined that all other claims appellant raised are for estate property.

### B.    Standing

Having resolved that appellant's claims are for estate property, we now turn to whether appellant has standing to bring these claims. Standing is a component of subject-matter jurisdiction that focuses on who can bring a cause of action and is "never presumed." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). Standing requires that a real controversy exists which can be resolved by the

judicial declaration sought and "[t]he parties must be properly situated to be entitled to a judicial determination." *Wheelbarger v. City of El Lago*, 454 S.W.3d 55, 58–59 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

Generally, the survival statute allows for personal injury actions to survive a person's death and transfer onto "the heirs, legal representatives, and estate of the injured person." TEX. CIV. PRAC. & REM. CODE ANN. § 71.021(b). "At common law, a person's claims for personal injuries did not survive her death" but the statute allows parties to step into the shoes of the decedent and seek adjudication of the injuries inflicted upon them that could have been brought before their death. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849–50 (Tex. 2005) (citing *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 344 (Tex. 1992); *Landers v. B.F. Goodrich Co.*, 369 S.W.2d 33, 35 (Tex. 1963)). While the survival statute generally grants an heir the potential to bring a claim, typically, "only the estate's personal representative has the capacity to bring a survival claim." *Id.* at 850 (citing *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971)).

The well-settled general rule is that "heirs cannot sue in their own right as heirs for property of the estate; the executor or administrator must sue." *Giddings v. Steele*, 28 Tex. 732, 748 (Tex. 1866); *see Shepherd v. Ledford*, 962 S.W.2d 28, 31–32 (Tex. 1998); *see also Gonzalez*, 2017 WL 2255649, at *4. An exception to this general rule arises when an heir alleges and proves that an administration has been closed, or when no administration is necessary. *See Shepherd*, 962 S.W.2d at 31–32. The necessity of administration is a question for the probate court but is generally presumed unless there are facts that show an exception should be made. *Eastland v. Eastland*, 273 S.W.3d 815, 829 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

11

We agree that whether appellant labels himself as "beneficiary" or "heir" of the estates is not relevant. It is undisputed that appellant is not the executor of the estates and, therefore, he is attempting to sue in his own right as heir. Appellant argues without authority that he is entitled to bring tort claims as heir of these estates and that the probate proceedings have no effect on his standing to do so. Appellant's arguments are unavailing.

To proceed on his claims, appellant was required to have alleged and proved that administration of Olivia and Francisco's estates have been closed or that they are unnecessary. *See Shepherd*, 962 S.W.2d at 31–32; *see also Gonzalez*, 2017 WL 2255649, at *5. Absent such allegations, there is a presumption that administration of the estates was necessary. *Eastland*, 273 S.W.3d at 829. The record indicates that appellant neither alleged nor proved that the administration of his parents' estates was closed or unnecessary. Appellant's "Fourth Amended Original Petition" makes no allegations regarding the administration of either of his parents' estates and does not address the issue. It was appellant's burden to demonstrate that the administration was closed or that it was unnecessary. *See Frazier*, 472 S.W.2d at 752. Appellant did not meet his burden and, in his brief, he relies entirely on appellee's alleged judicial admission in appellee's summary judgment motion that the administration of one of the estates was closed due to a brief statement that assets were dispersed. This does not prove that Olivia's estate is closed.

Appellant would normally be afforded an opportunity to amend his pleadings to resolve the jurisdictional defect, *i.e.*, the lack of allegation on the administration of the estates, with further factual allegations. *See Martinez*, 691 S.W.3d at 419. However, as

appellee challenged the jurisdictional facts and presented evidence regarding the estates' administration, this Court must review that evidence and determine if the evidence was undisputed or if appellant failed to raise a fact issue at the trial court level regarding the pending administration. *See Miranda*, 133 S.W.3d at 227. The record indicates appellee submitted evidence that the administration of Francisco's estate is ongoing. This evidence included a docket sheet from Cause No. 2017-PR-00715-I in Nueces County Court at Law No. 1 indicating that administration of the estate is not closed and still ongoing. Appellee also submitted evidence into the record indicating that Olivia's estate is pending in the form of a docket sheet from Cause No. 2017-PR-00150-4 in Nueces County Court at Law No. 4.

Appellant submitted no other evidence to dispute that administration of the estates is currently pending. He argues in a conclusory manner that the docket sheets do not indicate that administration of the estates are pending. However, our review of the dockets indicates that neither matter is closed and both proceedings are ongoing. Appellant's argument that only muniment of title was sought as to Olivia's estate does not create a fact issue as to whether administration of the estate is ongoing or unnecessary. The matter of her estate remains pending with the Nueces County Court at Law No. 4 regardless of whether solely muniment of title was sought. As to Francisco's estate, appellant similarly presents no other argument than a statement that the estate is closed. This statement alone does not create a fact issue as to the jurisdictional dispute.

Accordingly, due to the lack of disputed evidence or fact questions, it was proper to rule on the plea to the jurisdiction as a matter of law, akin to summary judgment. *Id.* As all evidence indicates that administration of both estates is ongoing, appellant has not

shown that administration of the estates is closed or not necessary. *See Shepherd*, 962 S.W.2d at 31–32.

Because appellant did not meet the exception to the general rule, he lacks standing as heir to bring tort claims for the estate property of Olivia and Francisco. Appellant's second issue is overruled. Having determined that appellant lacks standing to bring his claims, we need not reach the remaining issues. *See* TEX. R. APP. P. 47.1.

## IV.    CONCLUSION

We affirm the trial court's judgment.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
1st day of May, 2025.

14