# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00505-CV

**Pauline Wilson Lovato, Independent Administrator of the Estate of Margarita Torres Wilson, Deceased, Appellant**

**v.**

**Austin Nursing Center, Inc., d/b/a Austin Nursing Center; Century Care of America, Inc.; Paul Gray; Paul Hanlon; Laura Swarbrick; and Guadalupe Zamora, M.D., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT NO. GN-000891, HONORABLE PETE LOWRY, JUDGE PRESIDING

## O P I N I O N

Pauline Wilson Lovato, as independent administrator of the estate of her mother, Margarita Torres Wilson, appeals the dismissal on summary judgment of a medical negligence survival action against Austin Nursing Center, Inc., d/b/a Austin Nursing Center; Century Care of America, Inc.; Paul Gray; Paul Hanlon; Laura Swarbrick; and Guadalupe Zamora, M.D. (Aappellees@). In her first issue, Ms. Lovato contends that the district court erred in granting the motion for summary judgment because she had standing as representative of the estate of her mother when she filed the survival action within the limitations period in January 2000. She further contends that, even if she did not have standing when she originally filed the

survival action, her amended petition, which she filed as independent administrator after limitations expired, relates back to the original filing of the action. In her second issue, Ms. Lovato contends that the district court erred in dismissing Ms. Swarbrick from the lawsuit because Ms. Swarbrick, who is pro se, did not join in the other defendants= motion for summary judgment. For the reasons that follow, we reverse the district court=s judgment and remand this cause to the district court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Margarita Torres Wilson at age 92 was a resident at the Austin Nursing Center for approximately a month in mid-1998. While at the center, she developed pressure ulcers. On June 30, 1998, she was discharged from the center and transferred to another nursing home. On August 17, 1998, she was discharged from the second nursing home. She died at home on August 18, 1998. The parties agree that the last possible date for the statute of limitations to expire was November 1, 2000, which was two years and seventy-five days after Mrs. Wilson=s death. *See* Tex. Rev. Civ. Stat. Ann. art. 4590i, ' ' 4.01(c), 10.01 (West Supp. 2003). Because a limitations defense figured prominently in the motion for summary judgment, a recitation of the procedural history of the case is necessary.

On January 27, 2000, Ms. Lovato filed a survival action, alleging that Mrs. Wilson=s pressure ulcers were a result of appellees= medical negligence. Ms. Lovato also alleged in the petition that she was APersonal Representative of the Estate of Margarita Torres Wilson@ pursuant to section 71.021 of the civil practice and remedies code and that A[a]t this time, no administrator has been appointed.@ *See* Tex. Civ. Prac. & Rem. Code Ann. ' 71.021(b) (West 1997) (Apersonal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person@). On March 29, 2000, Ms. Lovato filed an

2

application for independent administration in the Travis County probate court, alleging that her mother died intestate, had no real property, and had personal property of less than $2,000.[1]

In her first amended original petition, filed on June 20, 2000, Ms. Lovato added a wrongful death action on behalf of herself and all wrongful death beneficiaries. She stated that she was entitled to bring the action under section 71.004 of the civil practice and remedies code. *See id.* ' 71.004 (West 1997) (wrongful death action is Afor the exclusive benefit of the surviving spouse, children, and parents of the deceased@). Two subsequent amended petitions, filed in August 2000, added several defendants and a claim for death as an injury that Mrs. Wilson had suffered. These two petitions also stated that Mrs. Wilson was the mother of the wrongful death beneficiaries. In all of the amended petitions, Ms. Lovato continued to allege that no administrator had been appointed.

---

[1] Joe Bob Wilson, Ms. Lovato=s brother, had previously filed an application for letters of administration in April 1999 but did not pursue the application. Ms. Lovato filed her application for administration under the same cause number.

After receiving a notice from the probate court that the application for independent administration was to be dismissed for want of prosecution, Ms. Lovato filed a motion to retain in September 2001 and an amended application for independent administration in October 2001. Also in October 2001, all defendants, except for Ms. Swarbrick, filed motions to dismiss the wrongful death claim for failure to file adequate expert reports and for severance of the claim from the survival action. On April 10, 2002, the district court granted appellees= motions to dismiss the wrongful death claim, severed that claim from the survival action, and ordered that the wrongful death claim be dismissed with prejudice and that only the survival action remain.[2]

On April 22, 2002, all defendants in the survival action, except for Ms. Swarbrick, filed a motion for summary judgment, seeking to dismiss the suit on the ground that Ms. Lovato lacked standing to maintain the survival action because she was not the personal representative of her mother=s estate and thus that the district court did not have subject matter jurisdiction. The motion also alleged that the survival action was barred by the statute of limitations because it was never brought by a proper party before limitations expired on November 1, 2000. At approximately the same time, these defendants filed amended answers, raisingCfor the first timeCthe affirmative defense of limitations.

On April 26, 2002, Ms. Lovato filed a second amended application for independent administration in the probate court, alleging that: there were no debts owed by the estate; Mrs. Wilson had personal property not to exceed $2,000; and a medical malpractice case was pending. Ms. Lovato filed an

---

[2] The dismissal of the wrongful death claim is the subject of a companion appeal in cause number 03-02-00305-CV, which we are also deciding today.

application for temporary administration on the same day, asserting that a temporary administration was needed immediately because of a pending medical malpractice claim Awith a statutory period required by law.@ On May 9, 2002, the probate court issued an order appointing Ms. Lovato the independent administrator. The order stated that an administration was necessary and that the estate owed no debts and had personal property worth no more than $2,000.

Ms. Lovato filed a first supplemental petition in the survival action on May 20, 2002, alleging that: she was the proper party to bring the claim; the last amended petition relates back to the original petition; she fulfilled the purpose and intent of section 10.01, to give the defendants notice and the nature of the claim; at the time of filing the original petition, no administration was pending and none necessary; that the heirs had an agreement about dividing the estate property; and A[t]here existed an emergency requiring that an heir of Margarita Torres Wilson, Deceased file this claim in order to preserve the rights and property of the Estate.@ On the same day, Ms. Lovato, as independent administrator of the estate of Mrs. Wilson, filed a fourth amended petition.

On May 21, 2002, Ms. Lovato filed a response to defendants= motion for summary judgment. Included in the response were affidavits by Ms. Lovato and her brother, Joe Bob Wilson, averring that the estate owed no debts. Ms. Lovato further stated in her affidavit that the family had reached an agreement about the distribution of the personal property and any proceeds of the lawsuit, that she had filed the lawsuit as an heir and representative of the estate to preserve the claim for the benefit of the estate, and that there was no administration pending until she was appointed independent administrator on May 9, 2002.

The defendants filed a supplement to their motion for summary judgment on June 10, 2002, which included an assertion that Ms. Lovato had no standing as an heir because she had brought the action as a personal representative, never alleging in the petitions that she was an heir. On July 18, 2002, the district court granted defendants= summary judgment, without stating the grounds therefor, and dismissed the survival action.

Ms. Lovato appeals the dismissal of the survival action, raising two issues. In her first issue, she asserts that the district court erred in granting defendants= motion for summary judgment because she had standing as representative of the estate of her mother when she filed the survival action within the limitations period in January 2000. She further asserts that even if she did not have standing when she originally filed the survival action, her amended petition, brought as independent administrator after limitations expired, relates back to the original filing of the action. In her second issue, Ms. Lovato contends that the district court erred in dismissing Ms. Swarbrick from the survival action because Ms. Swarbrick did not join in the other defendants= motion for summary judgment.

## STANDARD OF REVIEW

The standards for review of a traditional summary judgment are well established: the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; in deciding whether there is a disputed material fact issue precluding summary judgment, the court must take evidence favorable to the nonmovant as true; and the court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant=s favor. *See* Tex. R. Civ. P. 166a(c); *Pustejovsky v. Rapid-Am. Corp.*, 35 S.W.3d 643, 645-46 (Tex. 2000); *Nixon v. Mr. Prop.*

**6**

*Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). **In reviewing a summary judgment in which the trial court does not state the basis for its decision in its order, we review each ground asserted in the motion and affirm the trial court=s judgment if any of the grounds are meritorious.** *See Star-Telegram, Inc. v. Doe*, **915 S.W.2d 471, 473 (Tex. 1995). Because the propriety of a summary judgment is a question of law, we review the trial court=s decision** *de novo*. *See Natividad v. Alexsis, Inc*., **875 S.W.2d 695, 699 (Tex. 1994).**

## ANALYSIS

In her first issue, Ms. Lovato contends that the district court erred in granting the motion for summary judgment because she had standing to bring the survival action as representative of her mother=s estate, and moreover filed the action as a party with standing well before the statute of limitations expired. She further contends that even if she lacked standing before limitations expired, her fourth amended petition, which she filed as independent administrator of her mother=s estate, gave her standing as a proper party by relating back to the filing of the original suit. Appellees counter that Ms. Lovato never brought the suit as a party with standing before limitations expired and that the relation-back doctrine cannot apply because the original filing was a nullity. To put the parties= arguments in the proper context, we will first generally discuss the applicable statute of limitations and the concept of standing.

### *Statutes of Limitations*

AThe primary purpose of statutes of limitations is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are

7

available and the evidence is fresh in their minds.@ *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex. 1988). Statutes of limitations also ensure that notice of claims be given to adverse parties to prevent Afraudulent and stale claims from springing up at great distances of time and surprising the other party.@ *Hallaway v. Thompson*, 226 S.W.2d 816, 820 (Tex. 1950). Thus, limitations establish a point of repose and terminate stale claims. *Murray v. San Jacinto Agency, Inc*., 800 S.W.2d 826, 828 (Tex. 1990).

**A defendant moving for summary judgment on a limitations affirmative defense must prove conclusively all elements of the defense.** *Velsicol Chem. Corp. v. Winograd*, **956 S.W.2d 529, 530 (Tex. 1997).** In deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, every reasonable inference will be indulged in favor of the nonmovant, and any doubts will be resolved in the nonmovant=s favor. *Nixon*, 690 S.W.2d at 548-49. Accordingly, the burden is on the movant to conclusively establish as a matter of law that limitations is a bar to the action. *Rowntree v. Hunsucker*, 833 S.W.2d 103, 104 (Tex. 1992). If a movant does establish that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975).

Ms. Lovato=s survival cause of action is a health care liability claim, governed by the statute of limitations in the Medical Liability and Insurance Improvement Act (AMLIIA@). Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 10.01 (West Supp. 2003); *Bala v. Maxwell*, 909 S.W.2d 889, 893 (Tex. 1995). The Act provides that, Anotwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or

**8**

health care treatment that is the subject of the claim . . . is completed.@ Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 10.01. The limitations period fulfills a purpose of the MLIIA to Areduce excessive frequency and severity of health care liability claims@ by limiting the length of time that a health care provider may be exposed to potential liability. *Id.* ' 1.02(b)(1) (West Supp. 2003); *see Goode v. Shoukfeh*, 863 S.W.2d 547, 550 (Tex. App.CAmarillo 1993, no writ). Ms. Lovato=s presuit notice to defendants tolled the statute of limitations by seventy-five days. *See* Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 4.01(c). The parties agree that the last possible date for the statute of limitations to expire was November 1, 2000, which was two years and seventy-five days after Mrs. Wilson=s death. Ms. Lovato filed her original petition, as Apersonal representative@ of the estate of her mother, on January 27, 2000, approximately nine months before limitations expired.

*Standing*

The requirement of standing is implicit in the Texas Constitution=s open courts provision, which contemplates access to the courts only for those litigants suffering an injury. *Texas Ass=n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). A[S]tanding focuses on the question of who may bring an action.@ *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 442 (Tex. 1998). Standing is a prerequisite to subject matter jurisdiction, which is essential to a court=s power to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000).

A party may challenge subject matter jurisdiction in a motion for summary judgment. *Id.* at 554. **Upon such a challenge, the plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction. *See Texas Ass=n of Bus.*, 852**

**S.W.2d at 446. A district court is required to construe liberally the allegations in favor of jurisdiction unless the face of the petition affirmatively demonstrates a lack of jurisdiction.** *Peek v. Equipment Serv. Co.***, 779 S.W.2d 802, 804 (Tex. 1989). Dismissing a cause of action for lack of subject matter jurisdiction is proper only when it is impossible for the plaintiff=s petition to confer jurisdiction on the trial court.** *TRST Corpus, Inc. v. Financial Ctr., Inc.***, 9 S.W.3d 316, 320 (Tex. App.C Houston [14th Dist.] 1999, pet. denied). In our review of the trial court=s dismissal of a cause for want of jurisdiction, we must Aconstrue the pleadings in favor of the plaintiff and look to the pleader=s intent.@** *Texas Ass=n of Bus.***, 852 S.W.2d at 446. Our task is to determine whether Ms. Lovato has pled a claim that appropriately invoked the trial court=s jurisdiction.**

*Ms. Lovato=s Standing to Bring a Claim Under the Survival Statute*

Under the survival statute, a Apersonal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person.@ Tex. Civ. Prac. & Rem. Code Ann. ' 71.021(b) (West 1997). Generally, only personal representatives of the estate are entitled to bring a personal injury action. *See Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998) (citing *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971)). The term A[p]ersonal representative . . . includes executor, independent executor, administrator, independent administrator, temporary administrator, together with their successors.@ Tex. Prob. Code Ann. ' 3(aa) (West 2003).

Ms. Lovato brought suit as the Apersonal representative@ of the estate of her mother but was not appointed as administrator of the estate until more than two years later, after limitations had expired.

Therefore, Ms. Lovato=s status when she brought the suit was only as one of many heirs. AHeirs@ are Athose persons, including the surviving spouse, who are entitled under the statutes of descent and distribution to the estate of a decedent who dies intestate.@ *Id.* ' 3(o) (West 2003). Before the heirs at law may maintain a survival action during Athe four-year period allowed by law for instituting administration proceedings, they must allege and prove that there is no administration pending and none necessary.@ *Frazier*, 472 S.W.2d at 752; *see* Tex. Prob. Code Ann. ' 74 (West 2003) (four-year deadline for filing application for estate administration). An estate administration is not necessary if there is a family settlement agreement, highly favored by courts, in which the heirs agree to distribution of the estate property. *See Shepherd*, 962 S.W.2d at 32; *see also* Tex. Prob. Code Ann. ' 37 (West 2003) (intestate estate vests immediately in the heirs at law, subject to debts of the estate). An estate administration is also unnecessary if an estate has fewer than two debts. *See* Tex. Prob. Code Ann. ' 178(b) (West 2003) (deeming estate administration necessary if an estate has two or more debts).

An exception to the rule that heirs must plead and prove that no administration is pending and none necessary is that Athere is no administration upon the estate . . . and the facts show that none is necessary or desired by those interested in [the] estate . . . and the heirs are in possession of [the decedent=s] property.@ *McCampbell v. Henderson*, 50 Tex. 601, 611 (1879). In that instance, the heirs are the representatives of the estate and may bring suit on its behalf. *Id.*

Appellees contend that Ms. Lovato=s allegation that Ano administrator has been appointed@ in the petitions filed before limitations expired did not provide the requisite proof that no administration was pending and none necessary and therefore that no party with standing brought the suit before limitations

**11**

expired. They further argue that an administration must have been necessary because the probate court granted the administration. Tex. Prob. Code Ann. ' 178(b) (no administration granted Aunless there exists a necessity therefor@). Appellees rely primarily on three cases to support their argument that Ms. Lovato=s case was properly dismissed because she lacked standing before limitations expired: *Shepherd*, 962 S.W.2d at 28; *Ford Motor Co. v. Cammack*, 999 S.W.2d 1 (Tex. App.CHouston [14th Dist.] 1998, pet. denied); and *Stewart v. Hardie*, 978 S.W.2d 203 (Tex. App.CFort Worth 1998, pet. denied). The facts of these cases are distinguishable from the circumstances in Ms. Lovato=s case.

In *Shepherd v. Ledford*, a common-law wife brought survival and wrongful death actions on behalf of her deceased husband. 962 S.W.2d at 30. The defendants= challenge to plaintiff=s standing in the survival action failed because the court found that the plaintiff proved at trial that no administration was necessary. *Id.* at 33. The evidence showed that Mr. Ledford had no real property and no children; his estate vested immediately in his wife; the family agreed that his wife should take the estate assets as the only heir; and all debts of the estate had been paid. *Id.*

In *Stewart v. Hardie*, a husband brought survival and wrongful death claims as Acommunity survivor@ on behalf of his wife=s estate and as next friend of their children. 978 S.W.2d at 206. The defendant challenged Stewart=s capacity to bring the action. After limitations expired, Stewart filed an amended pleading alleging that no administration was necessary. But he offered no proof; the parties further stipulated that the estate had debts. *Id.* at 207. The court concluded that A[b]ecause the survival action was *never* brought by a proper party,@ the action was not brought within the limitations period. *Id.* (emphasis added). Stewart argued that his amended pleading should relate back to the original filing. The

**12**

court declined to find in Stewart=s favor, Aeven if [it] agreed that any amendment would relate back,@ because Stewart Amade no attempt to prove his allegation [that no administration was necessary] or join a proper estate representative@ even after the defendant filed a verified special denial challenging Stewart=s capacity. *Id.*

The defendants in *Ford v. Cammack* also challenged plaintiffs= standing. There, the Cammacks brought suit Aindividually and as natural heirs@ of the estate of their daughter. *Ford*, 999 S.W.2d at 3-4. Within the four-year period for an estate administration, the case proceeded to trial. Because the Cammacks never offered proof that their daughter had died intestate, that they were her rightful heirs, or that there were no estate debts, they failed to prove that an estate administration was unnecessary. *Id.* at 5. The court held that the Cammacks= claim was barred by limitations because, despite a verified denial challenging standing, the Cammacks A*never* pled or proved the jurisdictional facts necessary for them to represent the estate as heirs and *never* attempted to join the proper estate representative as a party.@ *Id.* at 6 (emphasis added). The court declined to decide whether the Cammacks= allegations related back to the original filing because they never pled within the limitations period that they were the proper parties to assert the claims. *Id.* In a supplemental opinion on rehearing, the court emphasized that the Cammacks Apresented no evidence whatsoever@ that an administration was unnecessary. *Id.* at 10-11 (supp. op. on reh=g). Appellees urge that *Stewart* and *Ford* are squarely on point because Ms. Lovato did not establish before limitations expired that no administration was necessary.

Here, Ms. Lovato=s application for administration was pending within two months after she filed her original petition. In both *Stewart* and *Ford*, the plaintiffs never proved, even at the time of

**13**

dismissal, that they had standing to bring their claims. Ms. Lovato, on the other hand, had established standing at the time of dismissal. She averred in her summary judgment affidavit, after limitations expired, that the estate had personal property of less than $2,000 and the family had agreed to a distribution of the property. Ms. Lovato=s brother attested that the estate had no debts. She then arguably demonstrated that no administration was necessary during the limitations period. More importantly, Ms. Lovato became the independent administrator of her mother=s estate and filed an amended petition in that capacity. Before the district court dismissed the case, albeit after limitations had expired, Ms. Lovato cured her defective standing as personal representative of the estate. *See Shepherd*, 962 S.W.2d at 31 (citing *Frazier*, 472 S.W.2d at 752).

Appellees argue that the relation-back doctrine cannot apply to a claim that did not invoke the court=s jurisdiction when it was originally filed. Under the relation-back doctrine,

> [i]f a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

Tex. Civ. Prac. & Rem. Code Ann. ' 16.068 (West 1997). Section 16.068 is designed to protect litigants from loss of their claims by a plea of limitations in cases where that would otherwise occur and therefore should be liberally construed. *Milestone Props., Inc. v. Federated Metals Corp.*, 867 S.W.2d 113, 116 (Tex. App.CAustin 1993, no writ).

14

Appellees rely on *McAdams v. Capitol Products Corp.* for the proposition that Ms. Lovato=s appointment as administrator should not relate back to the original filing of the suit. 810 S.W.2d 290 (Tex. App.CFort Worth 1991, writ denied). In *McAdams*, the plaintiff brought suit as a foreign representative of an estate and did not become the administrator in a Texas court until after limitations had expired. *Id.* at 293. The court held that her post-limitations appointment did not relate back because she had Ano authority@ to file the claim when she filed her original pleading. *Id.* Here, the facts demonstrate that Ms. Lovato brought her mother=s survival claim as an heir, giving her at least some authority under the survival statute.[3] *See* Tex. Civ. Prac. & Rem. Code Ann. ' 71.021 (Apersonal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person.@). Additionally, that the term Apersonal representative@ *includes* executors and administrators, Tex. Prob. Code Ann. ' 3(aa), does not signify that the list is exclusive. Tex. Gov=t Code Ann. ' 311.005(13) (West 1998) (under the Code Construction Act, Aincludes@ is a term of Aenlargement and not of limitation or exclusive enumeration, and use of the term[] does not create a presumption that components not expressed are excluded@).

---

[3] Appellees cite *Bozeman v. Folliott* for the proposition that Ms. Lovato had no authority to act on behalf of the estate before her appointment as administrator. 556 S.W.2d 608 (Tex. Civ. App.CCorpus Christi 1977, writ ref=d n.r.e.). The facts of *Bozeman* are not relevant to our inquiry. There, an administrator who was appointed to replace an executrix could not act retroactively during the time that the executrix had authority. *Id.* at 614.

Furthermore, neither *Ford* nor *Stewart* precludes the application of the relation-back doctrine. In both cases, the courts declined to apply the doctrine because the plaintiffs never attempted to cure their defects in standing, even after limitations had expired. *See Ford*, 999 S.W.2d at 6; *Stewart*, 978 S.W.2d at 207.

The circumstances of this case are analogous to an instance of misnomer, in which a plaintiff brings its action in the wrong name or sues the defendant in the wrong name. For example, in *Foust v. Estate of Walters*, the plaintiffs brought suit in their individual names. 21 S.W.3d 495, 500 (Tex. App.CSan Antonio 2000, pet. denied) (op. on reh=g). After defendants challenged the plaintiffs= standing and after limitations had expired, the plaintiffs filed an amended petition bringing suit in the name of a corporation instead of the individuals. *Id.* The court held that because the substitution of the corporate entity for individuals Apresented no surprise or unfair prejudice to the defendants@ and because the amended petition Awas wholly based and grew out of the same facts and occurrences@ alleged in the earlier petitions, the amended petition related back to the original, timely-filed petition. *Id.* at 501. Where the plaintiff has been misnamed and the defendant was not misled or disadvantaged by the error, courts have been reluctant to dismiss cases on limitations grounds. *See Easley v. Insurance Co. of N. Am.*, 660 S.W.2d 50, 52-53 (Tex. 1983).

Here, the appellees do not argue and have presented no evidence that they were surprised or unfairly prejudiced by Ms. Lovato=s late appointment as the administrator of her mother=s estate. To the contrary, the facts show that appellees had notice of Ms. Lovato=s claim well before limitations expired. Furthermore, she did not surprise appellees by attempting to substitute a different plaintiff. Ms. Lovato

**16**

remained the plaintiff throughout the case, merely formalizing her standing as a personal representative after limitations expired.

The relation-back doctrine, now statutorily defined, originated as an equitable remedy designed to effectuate justice. *Cain v. State*, 882 S.W.2d 515, 518 (Tex. App.CAustin 1994, no writ). A[I]t enables the court to arrive at conclusions that will effectuate justice while maintaining simultaneously the appearance of logical consistency.@ *Id.* Balancing the equities, we find that the doctrine should apply to Ms. Lovato=s case. She attempted to comply with the requirements of both the survival statute and the probate court system within the limitations period. In January 2000, well before limitations expired, she filed her claim, fully complying with the limitations requirements of article 4590i. In March 2000, also before the expiration of limitations, she applied to become the administrator of her mother=s estate. Appellees did not challenge Ms. Lovato=s standing until a year and a half after limitations had expired. Upon appellees= challenge, Ms. Lovato became the administrator of her mother=s estate and filed an amended petition as a statutorily defined personal representative of the estate. Arguably, this lawsuit was the only factor necessitating an administration.

Therefore, construing the pleadings in favor of the plaintiff as we are required to do, *Texas Ass=n of Bus.*, 852 S.W.2d at 446, we conclude on these singular facts that Ms. Lovato cured her defective standing by bringing her claim as a personal representative of her mother=s estate. *See Shepherd*, 962 S.W.2d at 31 (citing *Frazier*, 472 S.W.2d at 752). Her post-limitations pleadings amendment, which she brought as administrator of her mother=s estate, relates back to the original filing of her case. *See* Tex. Civ.

**17**

Prac. & Rem. Code Ann. ' 16.068;[4] *cf. Goode*, 863 S.W.2d at 550 (while not decided on basis of standing, holding that post-limitations pleading amendment naming estate representative related back to original filing because original petition fulfilled the notice requirements in section 10.01 of the MLIIA). We uphold Ms. Lovato=s first issue and hold that the district court erred in granting appellees= motion for summary judgment and dismissing Ms. Lovato=s survival action. Accordingly, we reverse the judgment of the district court and remand this cause to the district court for further proceedings. Having reversed the dismissal of this case, we need not address Ms. Lovato=s second issue challenging the dismissal of Ms. Swarbrick.

## CONCLUSION

We hold that Ms. Lovato=s post-limitations pleadings amendment, in which she brought her mother=s survival action as independent administrator of the estate, relates back to her original petition, filed

---

[4] Appellees argue that because the MLIIA imposes a strict, two-year statute of limitations, Anotwithstanding any other law,@ Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 10.01 (West Supp. 2003), we cannot apply the relation-back statute. Appellees= support for this argument, however, arises from cases involving statutes that would *expand* or *toll* a limitations period, which is not the case here. *See Bala v. Maxwell*, 909 S.W.2d 889, 892 (Tex. 1995) (medical malpractice limitations period, beginning from date of negligence, governs over wrongful death limitations period, beginning from date of death); *Hill v. Milani*, 686 S.W.2d 610, 611 (Tex. 1985); *Rascoe v. Anabtawi*, 730 S.W.2d 460, 461 (Tex. App.CBeaumont 1987, no writ) (both declining to apply tolling periods of other statutes).

before limitations expired. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 16.068. She cured her defective standing by bringing the survival action as a personal representative of the estate. *See Shepherd*, 962 S.W.2d at 31 (citing *Frazier*, 472 S.W.2d at 752). We accordingly hold that the district court erred in granting appellees= summary judgment and dismissing this claim. We reverse the judgment of the district court and remand this cause to the district court for further proceedings.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Reversed and Remanded

Filed:   March 27, 2003