**The COUNTY OF DALLAS, Appellant,**

v.

**Christopher Sean SEMPE and Carl Raymond Sempe, Individually and as Sole Heirs of Charles Ray Sempe, Appellees.**

No. 05–03–01603–CV.

Court of Appeals of Texas, Dallas.

Dec. 7, 2004.

Grant Hugh Brenna, Asst. Dist. Atty., Chrysta L. Castaneda, Locke Liddell & Sapp LLP, Dallas, for appellant.

John Alan Goren, Robert K. Dowd, Dallas, for appellees.

Before Justices WRIGHT, RICHTER, and MAZZANT.

## OPINION

Opinion by Justice WRIGHT.

Dallas County brings this interlocutory appeal of the trial court's order denying its

plea to the jurisdiction. Christopher Sean Sempe and Carl Raymond Sempe filed suit under § 1983 of the civil rights act for violations of their father's civil rights. The County stated two grounds in support of its plea to the jurisdiction. First, the County alleged the trial court lacked standing over the survival action. Second, it asserted it was immune from suit under the Texas Wrongful Death Act. *See* Tex. Civ. Prac. & Rem.Code Ann. § 71.001 (Vernon Supp. 2004–05). The County reasserts these issues on this appeal. We conclude the Sempes have standing and that the County is not immune from the Sempes' § 1983 action.

## Background

On April 28, 1990, Charles Ray Sempe, father of Christopher and Carl Sempe, was arrested in Dallas County on a misdemeanor charge. Charles Ray Sempe was placed in a Dallas County jail cell with a capacity for twenty-four inmates. On that night, the cell in which Charles Ray Sempe was placed contained forty-six other inmates. Some of the inmates in the cell were convicted felons. Fighting in the overcrowded jail cells was commonplace. Charles Ray Sempe was killed by one of the inmates in his overcrowded cell on April 29, 1990.

At the time of his death, Charles Ray Sempe was divorced and the father of Christopher, age nine, and Carl, age seven. On February 29, 2000, the Sempes sued the County alleging that their father's civil rights had been violated. At the time they filed their lawsuit, Christopher was two months' away from turning twenty and Carl was approximately seventeen-and-a-half years old.

## Standard of Review

■ Subject-matter jurisdiction is essential for a court to have the authority to resolve a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A party may challenge a court's subject-matter jurisdiction by filing a plea to the jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex.1999). Because subject matter jurisdiction presents a legal question, we review the district court's ruling on a plea to the jurisdiction de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). In conducting this de novo review, we do not look at the merits of the plaintiff's case but consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002). The plaintiff has the burden to plead facts affirmatively showing the trial court has subject-matter jurisdiction. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. We construe the pleadings liberally in favor of conferring jurisdiction. *Tex. Dept. of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex.2002) (per curiam). "When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency," and the trial court should not grant a plea to the jurisdiction until the plaintiff has an opportunity to amend. *See County of Cameron*, 80 S.W.3d at 555 (*citing Peek v. Equip. Serv. Co. of San Antonio*, 779 S.W.2d 802, 804–05 (Tex.1989)).

## § 1983 Action

■ The Sempes allege their father's constitutional rights were violated when the County placed him in an overcrowded jail cell. The Civil Rights Act provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or

usage, or any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Courts rely upon § 1988[1] to borrow from state law where § 1983 is silent and state law is not inconsistent with the policies of § 1983. *Robertson v. Wegmann*, 436 U.S. 584, 587–89, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978) (holding that survival actions under § 1983 are governed by 42 U.S.C. § 1988, which directs the courts to look to the law of the forum state). In § 1983 actions raising claims for survival and wrongful death, the Fifth Circuit has consistently borrowed from the Texas survival and wrongful death statutes in determining who has standing to bring such claims. *See Aguillard v. McGowen*, 207 F.3d 226 (5th Cir. 2000); *Rhyne v. Henderson County*, 973 F.2d 386 (5th Cir.1992). Courts do not look to state laws in § 1983 actions to determine who may be sued because that is governed by § 1983 itself.

### Survival Action

In its first point of error, the County asserts the trial court erred in denying its plea to the jurisdiction because the Sempes lack standing to bring the survival action. The County contends the trial court never acquired jurisdiction over the Sempes' survival action because the Sempes failed to show that they were entitled to recover in the capacity in which they sued. The County further argues that in order for jurisdiction to have attached, the Sempes had to allege their proper capacity as legal representatives of their father's estate *within* the applicable statute of limitations period.

The Texas Survival Statute provides that, "(a) personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person." CIV. PRAC. & REM.CODE ANN § 71.021(b) (Vernon 1997).

■■ Section 1983 actions are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 279–80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In a § 1983 action, the state's statute of limitations and tolling provisions apply. *Board of Regents v. Tomanio*, 446 U.S. 478, 484–86, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Personal injury actions are governed by the two-year limitations period. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon 2002). If a person who is entitled to bring a personal injury action is under a legal disability at the time the cause of action accrues, the time of the disability is not

---

1. Section 1988 provides in pertinent part:
 The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.
 42 U.S.C. § 1988.

included in the limitations period. Tex. Civ. Prac. & Rem.Code Ann. § 16.001(b) (Vernon 2002).

We will first address the County's assertion that to have standing to bring a survival action an heir must (1) file a claim within the four years allowed by law for instituting probate administration proceedings [2] and (2) allege and prove that there is no administration pending and none necessary. The County cites *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex.1998) to support this argument. *Shepherd*, in turn, cites *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex.1971). A close review of these two cases, however, reveals they are inapplicable.

In *Frazier*, the plaintiff sued to recover damages for breach of a lease held by his deceased father. The plaintiff filed his suit within the four-year period allowed for instituting administration proceedings. The supreme court stated that, before an heir can maintain a suit for the recovery of property belonging to an estate, he must allege and prove that no administration is pending and that none is necessary. *Frazier*, 472 S.W.2d at 752. Although there had been no administration of the estate, an administration was necessary because the estate owed debts. *Id.* at 752–53. For this reason, the plaintiff lacked standing. *Id; see also Stewart v. Hardie*, 978 S.W.2d 203, 207 (Tex.App.-Fort Worth 1998, pet. denied) (holding the decedent's husband lacked standing after concluding administration of the estate was necessary because the evidence showed the husband was not the only beneficiary of his wife's estate and the parties stipulated that the estate had debts). By contrast, in *Shepherd*, the supreme court held the decedent's common law wife had standing after concluding no administration of the estate was necessary because the evidence

showed the decedent's common law wife was his only heir, the family, including the wife, had resolved the estate's disposition, and all debts of the estate had been paid. *Shepherd*, 962 S.W.2d at 33–34.

An heir does *not* have to file a survival action within the four years allowed by law for instituting probate administration proceedings. *See Patridge v. Peschke*, 111 S.W.2d 1147, 1149 (Tex.Civ. App.1937, no writ) (suit brought more than nine years after decedent's death with no probate administration proceedings having been opened). *If* an heir does file a survival action within that four-year period, he *must* allege there is no administration pending and none is necessary. *See Frazier*, 472 S.W.2d at 752. The intent of this rule is to preserve and protect the estate during the period of time for instituting probate administration proceedings. The rule announced in *Frazier* is inapplicable to this case because the Sempes did not file their lawsuit within the four-year period allowed for instituting an administration. The rule's purpose of preserving the estate for potential beneficiaries or creditors is no longer threatened. Moreover, the Sempes provided the necessary proof that no administration of their father's estate was necessary.

Having concluded that heirs are not required to file a survival action during the four-year period for instituting probate proceedings, we turn now to the County's allegation that the Sempes lack standing because of the derivative nature of survival causes of action. The County focuses on the derivative nature of a survival action in contending that the Sempes's suit is time-barred. It argues that because the deceased would have been barred from filing suit so too are the Sempes. We disagree.

---

**2.** *See* Tex. Prob.Code § 74 (Vernon 2003).

■ Both survival and wrongful death actions are derivative causes of action. *Russell v. Ingersoll–Rand Co.*, 841 S.W.2d 343, 345 (Tex.1992). The supreme court held that a survival action is wholly derivative of the decedent's rights, therefore, "if a decedent's action would have ·been barred by limitations had it been asserted immediately prior to his death, a survival action based on the same alleged wrong is likewise barred." *Russell*, 841 S.W.2d at 345. The court applied the same reasoning to wrongful death actions holding that if a decedent could not maintain a personal injury suit at his death because it was barred by some defense such as limitations, "then there is no wrongful death action to accrue." *Russell*, 841 S.W.2d at 348–49; TEX. CIV. PRAC. & REM.CODE ANN. § 71.003(a) (Vernon Supp. 2004–05). *Russell*, while instructive, is not applicable to the facts of this case.

The County cites numerous cases applying the principle set forth in *Russell*. These cases cited by the County are factually on point with *Russell* and, therefore, inapplicable to our case. *See Delesma v. City of Dallas*, 770 F.2d 1334 (5th Cir. 1985); *Diaz v. Westphal*, 941 S.W.2d 96 (Tex.1997). In *Delesma*, children of their deceased father filed a § 1983 action after his death. Twenty-two years prior to his death, the deceased had brought an unsuccessful state lawsuit concerning the same events. *Id.* at 1335. The statute of limitations had run several years before the deceased's death. Because limitations would have barred a lawsuit by the decedent prior to his death, limitations likewise barred the children's lawsuit. *Id.* at 1336; *see also Zacharie v. U.S. Natural Resources, Inc.*, 94 S.W.3d 748, 757–58 (Tex. App.-San Antonio 2002, no pet.) (the children's survival and wrongful death claims barred by limitations because their mother's own claims were barred by limitations at time of her death). By contrast, at the time of his death, the Sempes's father was not barred by limitations from filing suit.

In *Diaz*, the deceased was aware of his medical liability claim in 1984. The deceased died more than two years after his medical liability claim accrued without ever having filed a lawsuit. Because limitations would have prevented the deceased from filing suit prior to his death, limitations likewise barred his wife's suit. *Diaz*, 941 S.W.2d at 101. The deceased in this case, by contrast, was not barred by limitations at the time of his death.

■ The County also argues that the Sempes's lawsuit is barred by limitations because the statute of limitations was not tolled during their minority. We disagree. To support this proposition, they cite *Diaz*, *Delesma*, and *Zacharie*. None of these cases address tolling of limitations. As noted above, the courts in each of these cases held that limitations had run on the heirs' claims because limitations had run *before* the deceased died. These cases do not address the Sempes's situation where they were minors when their father died and their father's claims were not barred by limitations at the time of his death.

The state's statute of limitations and tolling provisions apply in an action brought under section 1983. *See Tomanio*, 446 U.S. at 484–86, 100 S.Ct. 1790. The applicable two-year statute of limitations provides that the time of minority is not included in the limitations period. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 16.001(b) & 16.003 (Vernon 2002). Based upon a clear reading of the statute, we conclude the Sempes's action was tolled during the period of their minority.

■ The County contends that even if the Sempes survival action was viable at the age of majority, they failed to show they had standing before the two-year limitations period ran. In the primary case

the County relies upon, the plaintiff filed a survival action within the limitations period. *Lorentz v. Dunn*, 112 S.W.3d 176, 179 (Tex.App.-Fort Worth 2003, pet. granted). However, the only ground on which the plaintiff had standing to file the survival action was as the administrator of the deceased's estate and she was not appointed administrator until *after* the limitations period had run. *Id.* The plaintiff lacked standing when she filed suit and did not obtain standing until after the limitations period had expired. *Id.* By contrast, the Sempes were their father's heirs when they filed suit. Subsequently being required to supply proof of their status as heirs did not change the fact that they were heirs, and proper parties with standing, at the time they filed their original petition.

The facts in this case are more akin to those in *Lovato v. Austin Nursing Center, Inc.*, 113 S.W.3d 45 (Tex.App.-Austin 2003, pet. granted). Lovato filed survival and wrongful death actions following the death of her mother. In her petition, filed before limitations had run, Lovato alleged that she was the personal representative of her mother's estate. Lovato, however, was not appointed the personal representative of her mother's estate until after the statute of limitations had run. *Id.* at 49. The defendant nursing home sought dismissal through a motion for summary judgment on the ground that Lovato did not have standing. *Id.* The trial court dismissed the suit. On appeal, the court reversed, holding that Lovato did have standing *as an heir* when she filed her original petition. *Id.* at 55. The court further held that Lovato's amended petition filed after she was appointed personal representative of her mother's estate related back to her timely filed original petition. *Id.* Like the plaintiff in *Lovato*, the Sempes were heirs of their father's estate when they filed their original petition.

The County contends that even if the affidavits of heirship suffice to show standing, the Sempes's claims still fail because the affidavits were filed more than three years after Carl Sempe reached the age of majority. It argues that the affidavits should not relate back to the date the original petition was filed. Again, the cases the County relies upon as support are inapplicable. In *McAdams v. Capitol Products Corp.*, 810 S.W.2d 290, 293 (Tex. App.-Fort Worth 1991, writ denied), the plaintiff brought suit as a foreign representative of an estate and did not become the administrator in a Texas court until after limitations had expired. The court held her post-limitations appointment did not relate back because she did not have any authority to file the claim on the date she filed her original petition. Likewise, the plaintiff in *Lorentz* had no authority to file the claim and did not obtain the requisite authority until *after* limitations had run. Here, by contrast, the facts demonstrate the Sempes brought their claims as heirs, giving them standing as heirs under the survival statute. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 71.021(b) (Vernon 1997). The County, relying on *Lorentz*, contends that the relation back doctrine does not apply in this case. We disagree. The court of appeals held in *Lorentz* that the doctrine did not apply because the plaintiff lacked standing when she filed the original petition. *Lorentz*, 112 S.W.3d at 179. In that situation, an amended pleading does not relate back to provide jurisdiction. *Id.* Unlike the plaintiff in *Lorentz* who admitted that she was not an heir of the decedent, the Sempes had standing as their father's heirs when they filed their *original* petition.

We conclude the Sempes, as heirs, had standing. The Sempes each filed an affidavit of heirship. Christopher and Carl Sempe stated in their affidavits that they

were the deceased's only heirs, all debts of the deceased had been paid, and that there had been no administration and none was necessary. We conclude these affidavits provided proof of their status as heirs. Although filed after limitations had run, the affidavit proof related back to their timely filed original petition.

We overrule the County's first point of error.

## Wrongful Death Action

In its second point of error, the County asserts the trial court erred in denying its plea to the jurisdiction because under the Texas Wrongful Death Act, counties are immune from suit.

The Texas Wrongful Death Act provides, in pertinent part:

> (b) A person is liable for damages arising from an injury that causes an individual's death if the injury was caused by the person's or his agent's or servant's wrongful act, neglect, carelessness, unskillfulness, or default.

TEX. CIV. PRAC. & REM.CODE ANN. § 71.002(b) (Vernon 1997). The act defines "person" as an "individual, association of·individuals, joint-stock company, or corporation or a trustee or receiver of an individual, association of individuals, joint-stock company, or corporation." TEX. CIV. PRAC. & REM. CODE ANN. § 71.001(2) (Vernon Supp. 2004–05). The County is correct that it is immune under a lawsuit brought solely under the state statute. However, the Sempes have filed a civil rights action. In this context, the court borrows certain, but not all, aspects from the Texas Wrongful Death Act.

■ Section 1983 provides a remedy for violations of federal rights committed by persons acting under color of state law. The United States Supreme Court has held that a county is a person within the meaning of § 1983. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Crane v. State of Texas,* 759 F.2d 412, 421 (5th Cir.1985).

■ State and federal courts have jurisdiction over section 1983 lawsuits. A state court may not deny a federal right without a "valid excuse." *Howlett v. Rose,* 496 U.S. 356, 370, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990). The Court in *Howlett* addressed the question of whether a state law sovereign immunity defense is available in a § 1983 action brought in state court. The Court answered that a state law immunity defense is not a "valid excuse." *Id.*

In *Howlett,* a former high school student filed a § 1983 action in a Florida state court against a local school board. Howlett alleged violations of his federal constitutional rights resulting from the search of his car on school grounds and his suspension from classes. *Howlett,* 496 U.S. at 359, 110 S.Ct. 2430. The lower courts held that the state's statutory waiver of sovereign immunity applied only to state-court tort actions and that state governmental entities were immune from § 1983 actions brought in state court. *Id.* at 360, 110 S.Ct. 2430. The United State Supreme Court reversed.

■ In reversing, the Court held an immunity claim is a question of federal law. *Howlett,* 496 U.S. at 375, 110 S.Ct. 2430. "Municipal defenses—including an assertion of sovereign immunity—to a federal right of action are, of course controlled by federal law." *Id.* at 376, 110 S.Ct. 2430, *citing Owen v. City of Independence* 445 U.S. 622, 647, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). Under federal law, counties are not immune from section 1983 claims. *Id.* Any attempt to provide immunity over and above those already provided in section 1983 directly violates fed-

eral law.[3] *Howlett,* 496 U.S. at 375, 110 S.Ct. 2430.

This holding applies regardless of whether the § 1983 action is brought in federal court or state court. *Martinez v. California,* 444 U.S. 277, 284, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). As the Court stated in *Martinez,* "Conduct by persons acting under color of state law which is wrongful under § 1983 cannot be immunized under state law even though the federal cause of action is being asserted in state court. *Id.,* n. 8. The Supreme Court recognized that if this were allowed it would render a right guaranteed to all citizens a mere illusory promise. *Id.*

■■■ To hold the County immune from the Sempes's lawsuit under state law would be inconsistent with and a violation of state law. *See Howlett,* 496 U.S. at 371, 110 S.Ct. 2430. A state court entertaining a § 1983 claim must adhere to the United States Supreme Court's interpretation that counties are "persons" in the context of that section. Accordingly, the County is not immune from the Sempe's action asserting damages for the wrongful death of their father. We deny the County's second point of error.[4]

We affirm the trial court's order denying the County's plea to the jurisdiction.

---

**3.** The Court also noted that the "fact that [immunity] is denominated jurisdictional does not provide a court an excuse to avoid the obligation to enforce federal law if the rule does not reflect the concerns of power over the person and competence over the subject matter that jurisdictional rules are designed to protect." *Howlett,* 496 U.S. at 381, 110 S.Ct. 2430.

**4.** We do not address the County's fourth and fifth points of error contending the trial court lacked jurisdiction over the Sempes's state law claims. The Sempes dropped their independent state-law actions for wrongful death and survival.