NO. 12-03-00332-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
 
AMY COOPER, AS REPRESENTATIVE        §                 APPEAL FROM THE 369TH
OF THE ESTATE OF MILDRED
GUNTER, DECEASED,
APPELLANT/CROSS-APPELLEE
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF


RELVERT COE, M.D.,
APPELLEE/CROSS-APPELLANT                  §                 ANDERSON COUNTY, TEXAS

 
OPINION
            Appellant Amy Cooper, as representative of the estate of Mildred Gunter, deceased (the
“estate”), appeals the trial court’s order of partial summary judgment in favor of Appellee Relvert
Coe, M.D. In two issues, Cooper urges that she had standing and capacity to act as the estate’s
representative and that the estate’s survival claims were not barred by limitations. Coe cross-appealed and presents one issue relating to collateral estoppel. We reverse and remand.
 
Background
            On July 17, 2002, Cooper, individually and as the representative for the estate of Mildred
Gunter, deceased, Kelly Tatro, and Kristina Christian (collectively, the “plaintiffs”) filed a wrongful
death and survival action against Coe.


 In their original petition, the plaintiffs alleged that the death
of their mother, Mildred Gunter, was proximately caused by Coe’s negligence. Cooper was
identified as the representative of Gunter’s estate in the case style and in the body of the petition. 
The plaintiffs also alleged that the action was maintained for all beneficiaries entitled to recover for
Gunter’s death under the Texas Wrongful Death Act, that the plaintiffs are Gunter’s surviving
children, and that the plaintiffs are the surviving legal beneficiaries provided for in the Wrongful
Death Act. In his original answer, Coe specially excepted to the petition, complaining that the
petition did not allege sufficient facts to show Cooper’s representative capacity.
            Cooper admitted in a deposition that Gunter died intestate, leaving credit card debts of a few
thousand dollars. When asked whether there was a plan to deal with the letters from credit card
companies and bill collectors that they were receiving on a “weekly basis,” Cooper replied that there
was not. However, on February 20, 2003, the plaintiffs filed an amended petition in which they
alleged that Gunter died intestate and that no administration of the estate was necessary because the
surviving heirs had entered into a family settlement agreement providing for the distribution of all
assets of the estate and for the payment of all debts of the estate. The family settlement agreement,
signed by the plaintiffs, states that the plaintiffs were the biological daughters of Gunter, that they
agreed to split equally any proceeds of the estate, share and share alike, and agreed to assume
responsibility for the debts of the estate, jointly and severally. Additionally, the agreement also
provides that it “memorializes, in written form, the agreement of the parties in effect at the time of
the death of Mildred Marie Gunter.”


 
            On March 27, 2003, Coe filed a motion seeking partial summary judgment on the estate’s
survival claims. Coe argued that Cooper had no legal authority to file suit in a representative capacity
at the time of the original petition because she did not “plead and prove” that no administration was
necessary. Coe further asserted that an administration of the estate was necessary because numerous
debts were outstanding. Therefore, he contended, because Cooper had no legal authority as
representative of the estate at the time the original petition was filed, the plaintiffs’ amended petition
did not relate back to the original pleading. Consequently, Coe alleged, Cooper’s claim on behalf of
the estate was barred by the two-year statute of limitations for health-care liability claims.



            In response, Cooper argued that all heirs to the estate entered into a family settlement
agreement prior to filing the original petition, thereby precluding the need for a formal administration. 
On April 25, 2003, the trial court granted Coe’s motion for partial summary judgment on the estate’s
survival claims. The claims of the individual plaintiffs proceeded to a jury trial. The jury found Coe
51 per cent negligent and Gunter 49 per cent negligent. However, the jury awarded zero damages to
each plaintiff individually and the trial court ordered a take-nothing judgment on the plaintiffs’
individual claims. This appeal followed.
 
Partial Summary Judgment
            In two issues, Cooper argues that the trial court erred by granting Coe a partial summary
judgment on the estate’s survival claims.
Standard of Review
            The movant for summary judgment has the burden of showing that there is no genuine issue
of material fact and that it is entitled to judgment as a matter of law. Nixon v. Mr. Prop. Mgmt. Co.,
Inc., 690 S.W.2d 546, 548 (Tex. 1985). To obtain a summary judgment, the movant must either
negate at least one element of the nonmovant’s theory of recovery, Walker v. Harris, 924 S.W.2d
375, 377 (Tex. 1996), or plead and conclusively prove each element of an affirmative defense. Id.;
City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979). When
reviewing a summary judgment, we take as true all evidence favorable to the nonmovant. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). We indulge every reasonable inference and
resolve any doubts in the nonmovant’s favor. Id. In reviewing a summary judgment in which the trial
court does not state the basis for its decision in its order, we review each ground asserted in the
motion and affirm the trial court’s judgment if any of the grounds are meritorious. Lovato v. Austin
Nursing Center, Inc., 113 S.W.3d 45, 50 (Tex. App.–Austin 2003), aff’d sub nom., Austin Nursing
Center, Inc. v. Lovato, No. 03-0659, 2005 WL 1124764 (Tex. May 13, 2005) (citing Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995)). Because the propriety of a summary judgment is a
question of law, we review the trial court’s decision de novo. Lovato, 113 S.W.3d at 50 (citing
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994)).
Survival Claims–Standing and Capacity
            In her first issue, Cooper argues that the trial court erred by granting Coe a partial summary
judgment as to the survival claims because she had standing and capacity as an heir to sue on behalf
of the estate. Coe disputes Cooper’s authority to act on behalf of the estate, contending that because
there were more than two unpaid debts of the estate, an administration of the estate was necessary. 
            Applicable Law
            A plaintiff must have both standing and capacity to bring a lawsuit. Lovato, 2005 WL
1124764, at *3. In a survival action, the decedent’s estate has a justiciable interest in the controversy
sufficient to confer standing. Id., at *4. Because the pleadings in this case alleged that the
defendants’ negligent conduct caused Gunter’s death, her estate had standing to pursue a claim. See
id. Thus, the issue presented here should be characterized as one of capacity. See id., at *2. In
general, only the estate’s personal representative has the capacity to bring a survival action. Id., at
*5. However, heirs at law may be entitled to sue on behalf of the decedent’s estate during the four-year period allowed for instituting administration proceedings if they allege and prove that there is
no administration pending and none is necessary.


 Id.; Shepherd, 962 S.W.2d at 31-32.
            A family settlement agreement is one of the alternative methods of administration sanctioned
by Texas law. Pitner v. United States, 388 F.2d 651, 656 (5th Cir. 1967); Shepherd, 962 S.W.2d at
32. A family settlement agreement regarding the disposition of the estate’s assets can provide support
for the assertion that no administration of the decedent’s estate is necessary. Lovato, 2005 WL
1124764, at *5. This leaves the beneficiaries of an estate free to arrange among themselves for the
distribution of the estate and for the payment of expenses from that estate. Pitner, 388 F.2d at 656;
Shepherd, 962 S.W.2d at 32. Moreover, no formal administration is necessary if the heirs of an
intestate decedent make an agreement to distribute the estate and pay the bills. Shepherd, 962
S.W.2d at 33-34. 
            Analysis
            Gunter died intestate, and the plaintiffs are her surviving children and heirs at law. As
Gunter’s heirs at law, the plaintiffs may maintain a survival suit during the four-year period the law
allows for instituting administration proceedings. See Lovato, 2005 WL 1124764, at *5; Shepherd,
962 S.W.2d at 31-32. However, they must plead and prove that no administration is pending and
none is necessary. See Lovato, 2005 WL 1124764, at *5; Shepherd, 962 S.W.2d at 31-31. In their
first amended petition, the plaintiffs pleaded that no administration was necessary because Gunter
died intestate and they entered into a family settlement agreement providing for the distribution of
all assets of the estate and for the payment of all debts of the estate. The written family settlement
agreement, provided in discovery and in response to Coe’s motion for partial summary judgment,
supports this allegation. The document includes a recital that it memorializes the agreement that was
in effect at the time of Gunter’s death. Because the plaintiffs, heirs of the decedent, pleaded and
proved that they made an agreement to distribute the estate and pay the bills, no formal administration
of the estate was necessary. See Shepherd, 962 S.W.2d at 33-34. Therefore, Cooper had capacity
as an heir to sue on behalf of the estate.


 
            However, Coe argues that because more than two debts of the estate are unpaid, an
administration was necessary. We can find no case law holding that the heirs of an intestate decedent
cannot prove that no administration was necessary absent a showing that the decedent’s debts were
paid before a survival action was filed. See Pitner, 388 F.2d at 656; Shepherd, 962 S.W.2d at 33. 
In fact, case law suggests that the family settlement agreement need only arrange for the payment of
debts or expenses, not that such debts be paid, in order to sue on behalf of an estate. See Pitner, 388
F.2d at 656; Shepherd, 962 S.W.2d at 33. In the case at hand, although Cooper testified that there
were more than two estate debts outstanding at the time of her deposition and that the heirs had no
plan to deal with the letters from credit card companies and bill collectors, the agreement stated that
the plaintiffs agreed to assume responsibility for the debts, jointly and severally.


 Because the
plaintiffs arranged among themselves for the payment of the estate’s debts, Coe’s argument is
without merit. Therefore, we conclude that Coe was not entitled to partial summary judgment based
on the ground that Cooper lacked legal authority to represent the estate. Accordingly, we sustain
Cooper’s first issue. 
Survival Claims–Relation Back Doctrine
            In her second issue, Cooper argues that the trial court erred by granting Coe a partial summary
judgment on limitations grounds because the amended petition, which included more specific
allegations regarding her capacity, related back to the original petition. Coe contends that the
relation-back doctrine is inapplicable because Cooper was without capacity when the plaintiffs’
original petition was filed. Therefore, Coe’s argument continues, because Cooper filed her amended
petition after the estate’s claims were time-barred, Coe is entitled to partial summary judgment. We
have decided the capacity issue against Coe. Moreover, the Texas Supreme Court recently held that
a plaintiff’s “post-limitations capacity cures her pre-limitations lack thereof.” Lovato, 2005 WL
1124764, at *5-7; Lorentz v. Dunn, No. 03-0790, 2005 WL 1124768, at *2 (Tex. May 13, 2005). 
Thus, a claim is not time-barred if the original petition asserting the plaintiff’s representative capacity
was filed before the statute of limitations expired, provided that capacity, if challenged, is established
within a reasonable time. Lovato, 2005 WL 1124764, at *6-7. Moreover, a plaintiff’s amended
pleading alleging representative capacity satisfies the relation-back doctrine and limitations does not
bar the claim. Id., at *6.
            The plaintiffs’ original petition expressly alleged wrongful death and survival claims and
stated that the plaintiffs were Gunter’s surviving children and “surviving beneficiaries.” Moreover,
the case was styled “Amy Cooper, Individually and as Representative of the Estate of Mildred Gunter,
deceased, Kelly Tatro, and Kristina Christian.” In response to Coe’s challenge to Cooper’s capacity,
the plaintiffs filed a post-limitations amended petition pleading sufficient facts to show Cooper’s
capacity as the estate’s representative based upon the family settlement agreement. Because Cooper’s
amended pleading sufficiently alleged her capacity to sue on behalf of the estate, it related back to the
original petition and, thus, the estate’s claims are not time-barred. Therefore, we conclude that Coe
was not entitled to a partial summary judgment based on limitations. Accordingly, we sustain
Cooper’s second issue. 
 
Collateral Estoppel
            In his cross-appeal, Coe contends that the collateral estoppel doctrine prohibits relitigation of
the negligence and percentage of responsibility issues. He asks that, if this case is remanded, we
remand with instructions that these issues cannot be relitigated. We cannot address these issues
without issuing an advisory opinion, which is forbidden by the Texas Constitution. See Laredo Med.
Group Corp. v. Mireles, 155 S.W.3d 417, 431 (Tex. App.–San Antonio 2004, pet. denied) (citing
Valley Baptist Med. Ctr. v. Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000)). Accordingly, we overrule
Coe’s cross-issue.
 
Disposition
            Having sustained Cooper’s first and second issues, we reverse the judgment of the trial court
and remand the cause for further proceedings consistent with this opinion.
 
 
                                                                             JAMES T. WORTHEN 
                                                                                       Chief Justice
 
 
 
 
Opinion delivered June 30, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
 
 
 
 
 
 
 
 
(PUBLISH)