

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-17-00392-CV

KEITH LAWRENCE SOMERVILLE, APPELLANT

V.

DALLAS COUNTY INCORPORATED, ET AL., APPELLEES

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. 186,438-A, Honorable Jeff McKnight, Presiding

August 23, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Keith Lawrence Somerville, a prison inmate[1] appearing pro se and *in forma pauperis*, appeals an order dismissing as frivolous his suit against multiple Texas counties and individuals.[2]  We will affirm the trial court's order.

---

[1] Change of address notice Somerville filed with the clerk on July 8, 2019, indicates he may no longer be confined.

[2] Somerville named as defendants the counties of Bexar, Cherokee, Dallas, Ector, Harris, Hood, Matagorda, Nueces, Potter, Randall, Smith and Tarrant, and two former

Background

Somerville was convicted of the felony offense of burglary of a habitation with intent to commit sexual assault and assessed a life sentence.[3] In the underlying lawsuit, Somerville named himself and some twenty-two other inmates as plaintiffs. None of the additional plaintiffs signed the petition or filed a notice of appeal. Somerville sought certification of a class consisting of "those who are presently incarcerated, on probation, parole, community supervis[i]on, civil commitment, and those who are deceased." The petition further alleged the putative class members' "substantial rights were violated through Official Abuse of Office, Abuse of Official Compacity (sic), Official Oppression, by taking blank government documents (i.e., indictments) and forging said instruments (Rubber Stamping) them, then testifying before County District Courts and Municipal Courts to the veracity of said documents to effect the outcome of an Official Proceeding." He alleges that the defendants "did engage in criminal acts against [the class members] by tampering with official government documents by placing frauds before the court in

Dallas County assistant district attorneys, two former Texas Attorneys General, and two former Texas governors.

[3] *See In re Somerville,* No. 05-18-00333-CV, 2018 Tex. App. LEXIS 2400, at *1 (Tex. App.—Dallas Apr. 4, 2018, orig. proceeding) (mem. op.) (citing *Somerville v. State,* No. 05-92-00395-CR, 1993 WL 459995, at *1 (Tex. App.—Dallas Nov. 10, 1993, pet. ref'd, untimely filed) (not designated for publication) (opinion found at http://www.courtstuff.com/cgi-bin/as_web.exe?c05_93.ask+D+1472056)). *See also Somerville v. Thaler,* No. 3:11-CV-3146-B (BK), 2012 U.S. Dist. LEXIS 24692 (N.D. Tex. Feb. 9, 2012) (recounting, to date, Somerville's unsuccessful habeas attempts in federal court)*, report and recommendation adopted,* No. 3:11-CV-3146-B (BK), 2012 U.S. Dist. LEXIS 24681 (N.D. Tex. Feb. 27, 2012); *Ex parte Somerville,* No. WR-31,451-14, 2017 Tex. Crim. App. Unpub. LEXIS 335 (Tex. Crim. App. May 3, 2017) (noting Somerville had previously filed six habeas applications and holding his claims were barred from review under Texas Code of Criminal Procedure Article 11.07 § 4 and were waived and abandoned for abuse of the writ).

criminal proceedings." Somerville's complaint is summarized in his pleading's allegation that the allegedly fraudulent indictments "were never presented or returned by a grand jury, and as such; only prima facie appeared to be presented to the court by a grand jury. As such does not confer jurisdiction upon the courts. Under Ex Dolo Malo, the court can not (sic) give aid to one whose actions before the court is based on fraud."[4]

Somerville alleged the conduct of the defendants deprived class members of multiple constitutional rights. Although he does not identify 42 U.S.C. § 1983 by citation, Somerville's intended remedy appears to be the recovery of money damages in tort and equitable relief under that statute. Somerville requested the following specific items of relief:

1. 4.4 Billion in compensatory damages;

2. 2.2 million in punitive damages for each Plaint[i]ff;

3. Criminal complaints filed in accordance with Tex. Penal Code;

4. Disbar[]ment proceedings filed against all Respondent(s);

5. L[ie]ns against property and asse[]ts of all Respondent(s);

6. Public apology to the citizens of Texas;

7. Joinder of any additional Plaintiff(s) and Respondent(s);

8. Joinder of any additional Plaintiff(s);

9. Compensation to the families of Plaintiff(s) who are deceased;

10. Imme[]diate release of Plaintiff(s) from wrongful restr[ai]nt of liberty;

11. no additional legal action taken against Plaint[i]ff(s);

12. Free education at accredited University;

13. Housing and employment imme[]diately after release;

_____

[4] *Ex Dolo Malo* means "[o]ut of fraud; out of deceitful or tortious conduct." BLACK'S LAW DICTIONARY, 649 (9th ed. 2009).

14. Expung[e]ment and sealing of records of convictions;

15. Free health care for those with chronic illness and existing health problems.

In response to Somerville's petition, the Wichita County District Attorney's Office filed a document with the district court entitled "Amicus Curiae Advisory Recommending Denial of Motion to File Suit" urging dismissal of Somerville's suit on jurisdictional grounds under sovereign immunity or as a frivolous challenge of Somerville's conviction.[5] Before process was issued or any defendant appeared, the trial court dismissed the case, finding it frivolous under Texas Civil Practice and Remedies Code section 14.003(a)(2). It dismissed the request for class certification as moot. The court stated in the order it considered the amicus curiae motion to dismiss and the pleadings and found the motion should be granted. On appeal Somerville filed an appellant's brief and, with leave of this court, a supplemental brief. No responsive briefing was filed.

Analysis

In the issues presented section of his brief Somerville identifies six issues but in substance he argues the trial court erred by dismissing his case as frivolous under section 14.003(a)(2).

We review a trial court's Chapter 14 dismissal of an indigent inmate's lawsuit for abuse of discretion, *Bishop v. Lawson,* 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied), but we review de novo the question whether a claim has an arguable

---

[5] As noted, Wichita County was not named a defendant in Somerville's petition.

4

basis in law. *Hamilton v. Pechacek,* 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.). If proper, we will affirm the dismissal under any legal theory. *Id.*

An inmate who files a lawsuit (other than under the Texas Family Code) with an affidavit or unsworn declaration of inability to pay costs must comply with the procedural requirements of Chapter 14. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West 2017). Prior to service of process, and without a hearing, a trial court may dismiss an indigent inmate's lawsuit if it finds the claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (a)(2),(c) (West 2017). To determine whether a claim is frivolous or malicious a court may consider, *inter alia*, whether its realistic chance of ultimate success is slight, whether the claim has no arguable basis in law or fact, and whether the lawsuit is substantially similar to a suit previously filed by the inmate. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(1),(2),(4).

Because Somerville's suit was dismissed as frivolous without a fact hearing, our review focuses on whether his lawsuit had an arguable basis in law. *Leachman v. Dretke,* 261 S.W.3d 297, 304 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g). We take as true the allegations of the pleading; that is, we consider whether, as a matter of law, it states a cause of action authorizing relief. *Scott v. Gallagher,* 209 S.W.3d 262, 266-67 (Tex. App.—Houston [1st Dist.] 2006, no pet.). "A claim has no arguable basis in law if it is an indisputably meritless legal theory." *Leachman,* 261 S.W.3d at 304.

For at least three reasons, the record supports the trial court's dismissal of Somerville's case as frivolous: the individual defendants are immune from suit and thus the trial court lacks subject matter jurisdiction; Somerville's claims against all of the

defendants are subject to the bar of *Heck v. Humphrey,* 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); and Somerville failed to properly disclose a prior lawsuit that was substantially similar to the present case, thus permitting an implicit finding it is frivolous.

Eleventh Amendment Immunity from Suit[6]

Under the Eleventh Amendment to the United States Constitution a state, its agencies, and state officials acting in their official capacities are immune from "any suit in law or equity, commenced or prosecuted . . . by Citizens of another State, or by Citizens or Subjects of any Foreign State" where the plaintiff seeks money damages. *Shugart v. Hoover,* No. 4:17-CV-00633-ALM-CAN, 2018 U.S. Dist. LEXIS 92839, at *12 (E.D. Tex. Jan. 26, 2018) (citing U.S. CONST. amend. XI)*, report and recommendation adopted,* No. 4:17-CV-633, 2018 U.S. Dist. LEXIS 92690 (E.D. Tex. June 1, 2018); *Hoff,* 153 S.W.3d at 48 ("Eleventh Amendment immunity protects nonconsenting states from being sued in their own courts for federal law claims"); *see also Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001) ("Although by its terms the [Eleventh] Amendment applies only to suits against a State by citizens of another State, our cases have extended the Amendment's applicability to suits by citizens against their own States"). Thus the state is immune from an action brought under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64-66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (holding that "a State is not a person within the meaning of § 1983"). A section 1983 suit against a state official in his official capacity is deemed a suit against the state

---

[6] *See Hoff v. Nueces Cty.,* 153 S.W.3d 45, 48 (Tex. 2004) (per curiam) (noting phrase "Eleventh Amendment immunity" is a misnomer but has become a term of art).

and therefore barred by Eleventh Amendment sovereign immunity. *Tex. Dep't of Pub. Safety v. Petta,* 44 S.W.3d 575, 581 (Tex. 2001) (citing *Will,* 491 U.S. at 71); *see McIntosh v. Partridge,* 540 F.3d 315, 320 n.3 (5th Cir. 2008) ("Of course, a state department or agency (and its officers sued for damages in their official capacity) is considered as being the state for purposes of the Eleventh Amendment"). The Fifth Circuit Court of Appeals has on several occasions stated that district attorneys and assistant district attorneys in Texas are agents of the state for Eleventh Amendment purposes when acting in their prosecutorial capacities. *Quinn v. Roach,* 326 F. App'x 280, 292 (5th Cir. 2009) (citing cases).

In his petition, Somerville did not expressly allege the capacity in which he sued the individual defendants although the pleading identified them by office. Thus Somerville identified Dan Hagood and Robert Fitzpatrick as former Dallas County assistant district attorneys; Dan Morales and Greg Abbott were identified as former attorneys general; and Rick Perry and George W. Bush were identified as former governors.

In his appellate brief, without further explanation or citation to legal authority, Somerville contends he "made a prima facie case of corruption by Court officers and Government Officials *in their individual compacity*, as well as Agents of Counties incorporated for Fraud, Perjury, Official Abuse of Office, Tampering with Official Government Documents, Organized Criminal Conspiracy, Organized Criminal Activity." (emphasis ours). However, Somerville never alleged in the trial court and has not demonstrated in this court how the individual defendants acted outside the scope of their governmental duties.

Based on the substance of Somerville's complaint, that he and other persons accused of committing felonies were brought to trial on fraudulent indictments, we believe that by identifying the individual defendants according to their offices Somerville sued them in their official capacities. Accordingly, we find the named individual defendants are immune from suit through the Eleventh Amendment. Thus the trial court was entitled to believe Somerville's petition was based on an indisputably meritless legal theory as to the individual defendants.

On the other hand, for the county defendants there is no governmental immunity from suit regarding Somerville's section 1983 claim. "'Municipal defenses-including an assertion of sovereign immunity-to a federal right of action are, of course controlled by federal law.'" *County of Dallas v. Sempe,* 151 S.W.3d 291, 299 (Tex. App.—Dallas 2004 pet. dism'd w.o.j.) (quoting *Howlett v. Rose,* 496 U.S. 356, 376, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990) (citing *Owen v. City of Independence,* 445 U.S. 622, 647, 100 S. Ct. 1398, 63 L. Ed. 2d 673 (1980)). And federal law does not afford counties immunity from section 1983 claims. *Id.* Any attempt to provide immunity beyond that of section 1983 directly violates federal law. *Id.* (citing *Howlett,* 496 U.S. at 375).

*Heck v. Humphrey*

Somerville seeks damages and other relief allegedly resulting from criminal conduct for which he was convicted without alleging his conviction has been invalidated. He effectively seeks to collaterally attack his conviction through a civil suit. *Heck,* 512 U.S. at 484.

In *Heck* the plaintiff alleged that two county prosecutors and a state police investigator "engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to [Heck's] arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [his] innocence'; and caused 'an illegal and unlawful voice identification procedure' to be used at [his] trial." *Id.* at 479. Acknowledging the principle that a civil tort action is not the correct means for challenging a criminal judgment, the court went on to apply that precept to a section 1983 suit for damages. *Id.* at 486. Accordingly the court held, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 486-87. Therefore, for a state prisoner seeking damages in a section 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Conversely, if "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.*

In *Wilkinson v. Dotson,* 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) the court explained that a state prisoner's section 1983 action "is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter

9

the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Thus *Heck* is applicable regardless of the relief sought. *Pearson v. Holder,* 470 F. App'x 305, 306-07 (5th Cir. 2012) (per curiam) (citing *Dotson* and affirming dismissal of inmate's section 1983 suit despite inmate's argument on appeal that *Heck* does not apply to claims for which money damages are not sought).

*Heck* has also been applied in inmate tort litigation when the remedy alleged was not under section 1983. In *Gentry v. Hous. Police Dep't,* No. 14-08-01094-CV, 2009 Tex. App. LEXIS 5524 (Tex. App.—Houston [14th Dist.] July 16, 2009, no pet.) (mem. op.) the inmate alleged various constitutional violations along with "manufacturing of indictment." *Id.* at *1-2. Although his tort claims were not alleged under section 1983, the holding in *Heck* was applied. The court found all of the inmate's claims, if true, would undermine the validity of his conviction and the record contained no indication his conviction had been overturned or he had been exonerated. Thus the trial court's Chapter 14 dismissal order was affirmed. *Id.* at *5-8. *See Thomas v. Bynum,* No. 04-02-00036-CV, 2003 Tex. App. LEXIS 1763, at *7-8 (Tex. App.—San Antonio Feb. 28, 2003, no pet.) (mem. op. on mot. for reh'g) (finding an inmate's fraud claim was a collateral attack on a disciplinary proceeding and looking to *Heck* rationale in affirming a summary judgment against the inmate on the fraud claim).

Somerville does not argue nor does anything in the record even hint that his conviction has been reversed on direct appeal, expunged or invalidated by executive order or state tribunal, or questioned by a federal court's issuance of a writ of habeas corpus[.] *Heck,* 512 U.S. at 486-87. Because of the barriers established by *Heck* and its

10

progeny, *Dotson*, the trial court could have found Somerville's claims against all defendants frivolous on the grounds they lacked an arguable basis in law and any ultimate chance of success was slight.

Affidavit Relating to Previous Filings

Chapter 14 requires an inmate seeking to proceed *in forma pauperis* to file an affidavit or unsworn declaration identifying each action the inmate previously filed in which he was not represented by an attorney. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(1) (West 2017). In the affidavit or declaration the inmate must specify the operative facts of each case, its style, its cause number, the court in which it was brought, the names of the parties, and the result of the suit, including whether it was dismissed as frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(2). If the inmate fails to comply with the requirements of section 14.004, the court may assume the inmate's present lawsuit is substantially similar to one he previously filed, and therefore frivolous. *Gowan v. Tex. Dep't of Criminal Justice,* 99 S.W.3d 319, 322 (Tex. App.—Texarkana 2003, no pet.); TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(4).

In July 2001 Somerville filed a section 1983 action in federal court against at least one of the current individual defendants, Dan Hagood. *Somerville v. Hagood,* No. 3:01-CV-1454-R, 2002 U.S. Dist. LEXIS 18697 (N.D. Tex. Aug. 12, 2002)*, report and recommendation adopted,* No. 3:01-CV-1454-R, 2002 U.S. Dist. LEXIS 18704 (N.D. Tex. Oct. 1, 2002). In the complaint, Somerville alleged, among other things, his conviction was obtained on a fabricated or fraudulent indictment. In recommending dismissal of the case for failure to overcome the *Heck* bar the magistrate judge stated, "If the Court were

11

to grant plaintiff damages for the claimed fraudulent indictment, such ruling would necessarily implicate the validity of plaintiff's conviction. . . . Accordingly, under *Heck,* plaintiff must demonstrate that his conviction or sentence has been reversed, invalidated, or expunged prior to bringing the instant action. . . . Plaintiff has failed to make such a showing." *Id.* at *11 (citation omitted).

In his affidavit in the present case, Somerville gave some information regarding *Somerville v. Hagood* but he omitted the required statement of operative facts and the identity of each party to the lawsuit. Whether from the magistrate judge's report and recommendation in *Somerville v. Hagood* or Somerville's failure to file a sufficient affidavit relating to previous filings, the trial court could have found frivolousness based on substantial similarity of the actions. *See Bell v. Tex. Dep't of Criminal Justice—Institutional Div.,* 962 S.W.2d 156, 157-58 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (affirming dismissal for similar omissions in affidavit).

Finally, to the extent Somerville assigned error to a claim that the trial court abused its discretion by considering the district attorney's amicus motion, we find the assertion without merit. Somerville has not shown us, nor are we aware of, controlling authority that prohibits a trial court from considering an amicus brief before dismissing an inmate's lawsuit as frivolous under Chapter 14. *See generally Schmotzer v. Menchaca,* No. 13-15-00416-CV, 2016 Tex. App. LEXIS 13518, at *2 (Tex. App.—Corpus Christi Dec. 21, 2016) (mem. op.) (noting without comment that in the trial court the Office of the Attorney General filed an amicus curiae brief recommending dismissal of an inmate's suit under Chapter 14 as frivolous).

## Conclusion

Based on the preceding discussion, all of Somerville's issues on appeal are overruled and the order of the trial court is affirmed. Any additional relief requested over the course of the case is denied.[7]

James T. Campbell
Justice

---

[7] Chief Justice Quinn concurs in the decision to affirm based on the second and third grounds discussed in the opinion.